[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

No. 09-11963
Non-Argument Calendar

_____

D. C. Docket No. 08-60199-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ESPOSITO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 30, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

John Esposito appeals his conviction and sentence for possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). After a thorough review

of the record and the briefs, we affirm.

I. Background

Esposito pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

At the change-of-plea hearing, Esposito was represented by retained counsel. Esposito confirmed that he was forty-eight years old, had a master's degree, and had worked as a state investigator. Esposito stated that he had discussed the plea with counsel and had spoken with his attorney about possible defenses. He then indicated that he was satisfied with counsel, although he hesitated briefly before saying that his attorney told him a plea was the best option. The court informed Esposito that he did not have to take counsel's advice, but that if he entered a plea, he could not withdraw it later if he was dissatisfied with the sentence imposed. Esposito stated that he wanted to plead guilty because he was guilty.

The court then explained that Esposito was charged with knowingly and intentionally possessing child pornography. It further explained the rights Esposito would be giving up by pleading guilty, including the right to the assistance of a lawyer during trial. Esposito stated that he understood these rights and the elements of the offense. After listening to the government's factual proffer, Esposito admitted his conduct. The court reiterated that, by pleading guilty,

Esposito was giving up possible defenses and again reminded him that he could not withdraw his plea if he disagreed with the sentence imposed. After Esposito confirmed he understood, the court found the plea was voluntary and adjudicated Esposito guilty.

The presentence investigation report ("PSI") calculated an adjusted offense level of 28, which included various enhancements and a recommended three-level reduction for acceptance of responsibility.[1] The resulting guidelines range was 78 to 97 months' imprisonment. Esposito objected to the enhancements and requested a sentence below the guidelines range.

When Esposito appeared before the district court for sentencing, he stated that he wanted to withdraw his plea. The court rescheduled sentencing and directed counsel to file a motion to withdraw the plea. Esposito then instructed counsel not to file the motion and indicated that he wished to proceed on his plea. At the rescheduled sentencing hearing, Esposito again informed the court that he wished to withdraw his plea:

> Esposito:  I was confused . . . I just don't have the resources or the fight
>            to continue, so I pled guilty.
> Court:      So you are pleading guilty because you don't have the money?

---

[1] Under U.S.S.G. § 3E1.1(a), a defendant is entitled to a two-level reduction for acceptance of responsibility. If the defendant timely notifies the government of his intent to enter a guilty plea, the defendant may then receive an additional one-level reduction under § 3E1.1(b) upon motion of the government.

3

Esposito: I just don't have the resources any more to fight it.
Court: By resources, you mean money?
Esposito: Yes.
Court: Well, if you are too poor . . . I will appoint a public defender to represent you.

At Esposito's request, the court appointed a public defender, who then filed a motion to withdraw the plea. Counsel alleged that Esposito's plea was not voluntary because, even though Esposito believed himself to be innocent, he was no longer able to afford retained counsel to represent him at trial and therefore felt compelled to enter a plea. In a supplemental motion, Esposito argued that his plea was involuntary because retained counsel was ineffective by repeatedly informing him that he had no defense to the charges and misadvising him of the elements of the offense. In its response, the government attached an affidavit from retained counsel, in which counsel indicated that he had reviewed the charges, elements, and possible defenses with Esposito, and that Esposito had indicated his desire to plead guilty.

After holding an evidentiary hearing, the court denied the motion to withdraw the plea. The court found that Esposito had been questioned at the plea colloquy and had indicated that he had read the indictment, which used the "knowingly and intentionally" language, and was pleading guilty because he was guilty. The court noted that it had appointed a public defender once Esposito

4

indicated he had no money for an attorney. Viewing the totality of the circumstances, the court found that Esposito merely changed his mind after learning the possible sentence.

At the subsequent sentencing hearing, the government indicated that, although Esposito was eligible for the two-level reduction for acceptance of responsibility, it would not move for an additional one-point decrease as recommended in the PSI due to Esposito's repeated attempts to withdraw his plea. Esposito argued that this objection to the PSI's recommendation was untimely, but acknowledged that the point was to be given only upon the government's motion. After considering Esposito's other objections, which are not relevant to the instant appeal, the court determined the guidelines range to be 78 to 97 months' imprisonment. Esposito then presented testimony and argument in support of his request for a downward variance. The government informed the court that Esposito had viewed other photos several years earlier, and, although the photos were not illegal, they showed a progression of interest.

After considering the guidelines range, the sentencing factors, and the fact that the offense was not a victimless crime, the court found that a sentence at the low end of the guidelines range was reasonable, and imposed a sentence of 78 months' imprisonment. This appeal followed.

II. Discussion

A. Voluntary Plea

Esposito argues that he did not enter his plea knowingly because the court failed to inform him of his right to have counsel appointed for trial if he could not afford counsel. He contends that the failure to so advise violated the core concerns of Fed.R.Crim.P. ("Rule") 11.[2]

As an initial matter, the parties dispute the proper standard of review because when Esposito originally informed the court that he wished to withdraw his plea, he stated that he lacked the resources to fight the charges. In his subsequent motion to withdraw his plea, however, he raised only an ineffective-assistance-of-counsel claim as the basis for his motion; he did not claim any error in the Rule 11 proceedings.

Esposito's statement that he lacked resources was insufficient to preserve a claim of error in the colloquy. Therefore, we review for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003); see also United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002) ("hold[ing] that a silent defendant has the burden to satisfy the plain-error" standard in Rule 11

_____

[2] Esposito does not argue that the court improperly denied his motion to withdraw his plea on the ground of ineffective assistance of counsel; his only argument on appeal is the alleged error in the Rule 11 hearing.

6

error). Under plain-error review, the defendant has the burden to show that "there is (1) 'error' (2) that is 'plain' and (3) that 'affect[s] substantial rights.'" United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003) (citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quotation omitted).

The district court must conduct a plea colloquy pursuant to Rule 11 to ensure that a guilty plea is entered knowingly and voluntarily. McCarthy v. United States, 394 U.S. 459, 467 (1969). Relevant to the instant appeal, Rule 11 requires the court to advise the defendant of "the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding." Fed.R.Crim.P. 11(b)(1)(E). Rule 11 is "neither precatory nor aspirational" and "the district court is obliged to tell the defendant in words or in substance the matters contained" in Rule 11. Monroe, 353 F.3d at 1351. A technical defect does not cause prejudice to a defendant's substantial rights as long as the three "core concerns" of Rule 11 are satisfied. Id. at 1354. These concerns are: (1) that the guilty plea was voluntary; (2) that the defendant understood the nature of the charges; and (3) that the defendant understood the consequences of his plea. Id.

7

Even if the district court errs by failing to advise a defendant of all of the information contained in Rule 11(b)(1), however, reversal is not necessarily required.  See United States v. Moriarty, 429 F.3d 1012, 1020 (11th Cir. 2005).  A variance from the specific language or requirements of Rule 11 is harmless if it does not affect substantial rights.  Fed.R.Crim.P. 11(h).  An error only affects a defendant's substantial rights if it prejudiced him by affecting the outcome of the district court proceedings.  See United States v. Olano, 507 U.S. 725, 734 (1993); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.").

We may consider the entire record when considering the effect of any error on substantial rights.  Vonn, 535 U.S. at 59, 75, 122 S.Ct. at 1046, 1055; see also Monroe, 353 F.3d at 1350 and n.3.  And we presume statements made by the defendant during the plea colloquy to be true.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Here, our review of the colloquy establishes that the three core concerns were met.  The court advised Esposito of the elements of the offense, the possible penalties, and the rights Esposito would be giving up if he entered a plea, including

8

the right to the assistance of a lawyer during trial. Although the court did not use the exact language from the Rule, it nevertheless informed Esposito that he had the right to be represented by counsel.

Esposito had a master's degree and had worked for years as a state investigator. Esposito stated that he understood his rights and repeatedly confirmed that he had spoken with counsel, had discussed the possible defenses, and was satisfied with counsel's advice. Given the strong presumption we apply to statements made during the colloquy, Esposito cannot show that he misunderstood his rights.

Moreover, our review of the record does not show that Esposito was hesitant to enter a plea until after he learned the possible sentence. At the colloquy, when the court questioned whether Esposito had spoken with his attorney, Esposito paused briefly before saying that his attorney told him a plea was the best option. The court informed Esposito that he did not have to take counsel's advice, to which Esposito responded that he wanted to plead guilty because he was guilty. Therefore, because we conclude that the plea colloquy was sufficient to meet Rule 11's core concerns, we affirm Esposito's conviction.

B. Sentencing

When reviewing the reasonableness of a sentence, we conduct a 2-step

inquiry:

> first, the appellate court must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[3] If the district court did not procedurally err, we review the substantive reasonableness of the sentence for abuse of discretion, based on the "totality of the circumstances." United States v. Beckles, 565 F.3d 832, 845 (11th Cir. 2009). Esposito bears the burden of establishing that the sentence is unreasonable in the light of the record and the § 3553(a) factors.[4] United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

---

[3] Here, Esposito concedes that the court properly calculated the guidelines range. Although he notes the failure to receive the one-level reduction for acceptance of responsibility, he does not assert that this was procedural error; he raises it only as a mitigating factor in support of his request for a downward variance.

[4] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Upon review, we conclude that the court did not abuse its discretion in imposing sentence. The court considered the § 3553(a) factors, stating that it had considered Esposito's history and characteristics and the fact that the photos were sadistic and involved prepubescent girls. The court explained, however, that the offense was not a victimless crime. Based on these factors, the court properly concluded that a sentence at the low end of the guidelines range was reasonable. Notably, this sentence was well below the statutory maximum of ten years' imprisonment. See 18 U.S.C. § 2252A(b)(2). Because Esposito has offered nothing to show the sentence was unreasonable, we affirm his sentence.

**AFFIRMED.**