[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2010
JOHN LEY
CLERK

No. 10-10509
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00077-MCR-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD WAYNE BAXLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 8, 2010)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Donald Wayne Baxley, *pro se*, appeals his conviction on one count of sale of firearms to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1), 924(a)(2), following his unconditional guilty plea. He alleges that his conduct was the product of entrapment by law enforcement, and that he received ineffective assistance of counsel when original counsel allegedly coerced him into pleading guilty. The government responds that neither of these claims is cognizable on direct appeal. For the reasons set forth below, we affirm.

I.

In May 2009, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that Baxley had placed six classified advertisements for firearms in a local newspaper. An agent arranged for a confidential informant (CI) to contact Baxley and inquire about purchasing one of the shotguns he had advertised. When the CI told Baxley that she could not purchase firearms from a licensed dealer because she had a prior felony conviction, Baxley responded that he did "not have a problem with that at all." At their subsequent meeting, Baxley displayed an additional weapon, which he had made by sawing the barrel off of a shotgun. The CI purchased both weapons.

Baxley was charged with knowingly selling two firearms to a convicted felon. He entered, through original counsel, a notice of intent to present

entrapment evidence, but he subsequently pled guilty to the charge. The plea agreement did not preserve the right to appeal any matters that could affect the issue of guilt. At the change-of-plea hearing, Baxley acknowledged that his guilty plea would waive any and all defenses, including an entrapment defense, and would forever resolve the issue of his guilt.

Baxley was represented by new counsel at the sentencing hearing. He was sentenced to 18 months' imprisonment, to be served consecutively to the unrelated state-court sentence he was then serving. Baxley filed a notice of appeal *pro se* and moved the district court for leave to proceed *pro se* on appeal. Following an *ex parte* hearing, attended only by Baxley himself and new counsel, the court granted his motion for leave to proceed *pro se*.

## II.

"A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984) (emphasis removed). On direct appeal, we strongly presume that the defendant's statements at the guilty-plea colloquy were truthful, including his admission of guilt and his representation that he understood the consequences of his plea. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Here,

3

Baxley never moved in the district court to withdraw his plea. Apart from the ineffective-assistance issue, which, as discussed below, is unreviewable, he has raised no challenge on appeal to the validity of his guilty plea. Accordingly, his guilty plea is presumed valid, and he waived the entrapment and wiretap defenses by entering it. As such, these claims are not cognizable on appeal.

### III.

We generally will not consider an ineffective-assistance claim on direct appeal where the district court did not entertain the claim or develop a factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Instead, a 28 U.S.C. § 2255 motion to vacate is the preferred method for asserting such a claim. *See Massaro v. United States*, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Here, the district court did not develop a factual record with respect to original counsel's alleged ineffectiveness. Baxley never moved, *pro se* or through new counsel, to withdraw his guilty plea based on alleged coercion by original counsel. The allegation was not raised until his post-judgment motion to proceed *pro se* on appeal, and then only in an *ex parte* hearing at which original counsel did not appear and no evidence was adduced. Accordingly, the claim is unreviewable on direct appeal.

For the foregoing reasons, we affirm Baxley's conviction.

**AFFIRMED.**

4