**UNITED STATES of America, Plaintiff–Appellee–Cross–Appellant,**

**v.**

**Robert Clay MEDLOCK, Defendant–Appellant–Cross–Appellee.**

No. 92–4746.

United States Court of Appeals, Eleventh Circuit.

Jan. 21, 1994.

186

James R. Gailey, Hugo A. Rodriguez, Federal Public Defenders, Miami, FL and Richard C. Klugh, Asst. Federal Public Defender, Ft. Lauderdale, FL, for defendant-appellant.

Roberto Martinez, U.S. Atty., Raymond A. Pierson, Linda Collins Hertz, Carol Herman, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before FAY *, DYER and REAVLEY **, Senior Circuit Judges.

---

\* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Thomas M. Reavley, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Medlock also alleges that the district court erroneously calculated his criminal history score. If a party is silent or fails to offer the grounds for objection to a sentence when given the opportunity to do so, we will not consider an appeal based on such objections unless "refusal to do so would result in manifest injustice." *United*

FAY, Senior Circuit Judge:

Medlock pled guilty to possession of a firearm by a convicted felon and now alleges that the district court erroneously denied his motion to withdraw his guilty plea.[1] The government cross-appeals, alleging that the district court erred in striking the Armed Career Criminal enhancement to Medlock's sentence. We AFFIRM the district court's denial of Medlock's motion to withdraw the plea, agree with the government that his sentence should have been enhanced, and REMAND for resentencing.

## PROCEDURAL HISTORY

A federal grand jury indicted Medlock for possession of a firearm by a convicted felon[2]. The government sought an enhanced penalty pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The notice of enhancement listed ten prior state burglary convictions. Medlock filed motions objecting to enhancement under the ACCA, claiming that he pled guilty to a single burglary charge in state court and had not entered a plea to the other nine burglary charges. Medlock also argued that the state court convictions were invalid because they were obtained in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The district court did not rule on these motions until after Medlock pled guilty.

A colloquy between the district court and Medlock preceded Medlock's guilty plea. Appellant said he was fully satisfied with counsel's representation, had not been threatened or forced to plead guilty, and had not received any promises in exchange for his plea. Based on the term of imprisonment dictated by the ACCA, the court advised appellant that by pleading guilty he faced a

*States v. Jones*, 899 F.2d 1097, 1103 (11th Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir.1993) (en banc). Appellant did not object to the sentence when given the opportunity to do so by the district court. (R3–66, 68, 76). Finding that the sentence is not manifestly unjust, we address the issue no further.

2. Indictment was pursuant to 18 U.S.C. § 922(g)(1).

sentencing range of 15 years to life imprisonment. Medlock entered the plea with knowledge of the potential penalty.

Just before sentencing Medlock moved to withdraw his guilty plea pursuant to Fed. R.Crim.P. 32(d). He argued that withdrawal of the plea would be fair and just if the court ruled against sentence enhancement under the ACCA. At sentencing, the court immediately announced that based on a transcript of the state court plea proceeding, it would not allow the enhancement. Nonetheless, the court allowed the parties to present arguments about the ACCA's applicability and heard testimony from the attorney who represented Medlock in state court. The district court limited this testimony to the attorney's habit and custom in counseling defendants entering plea agreements. The court ruled that Medlock was not properly apprised by the state trial judge of his rights under *Boykin* before the pleas were entered, and denied the sentence enhancement. It also denied defendant's motion to withdraw the guilty plea.

## STANDARD OF REVIEW

■ A district court's denial of a motion to withdraw a guilty plea under Fed. R.Crim.P. 32(d) is reversed only when it constitutes an abuse of discretion. *United States v. Crumbley,* 872 F.2d 975, 977 (11th Cir.1989). There is no absolute right to withdraw a guilty plea. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989). The district court's decision not to enhance a sentence under section 924 is a legal issue subject to our *de novo* review. *United States v. Barney,* 955 F.2d 635, 638 (10th Cir.1992).

## DISCUSSION

### A. Withdrawal of the Guilty Plea

■ We deal summarily with Medlock's contention that the district court erred in denying his motion to withdraw the guilty plea. Medlock swore during the plea colloquy that "he committed the alleged offense,

understood the possible consequences of his guilty plea, and waived his right to trial." *United States v. Gonzalez–Mercado,* 808 F.2d 796, 799–800 (11th Cir.1987) (footnote omitted). There is a strong presumption that the statements made during the colloquy are true. *Id.* at 800 n. 8.

Medlock seemingly argues that he pled guilty only because he faced the possibility of life imprisonment under the ACCA. He does not assert that his plea was involuntarily entered or was coerced. He does not allege ineffective assistance of counsel. He does not even deny guilt.

We find no abuse of discretion in the court's ruling. Defendant was fortunate at sentencing; he learned that his sentence would not be enhanced. An unexpectedly positive sentence does not constitute a "substantial change in circumstances" sufficient to justify granting defendant's motion to withdraw a plea under Fed.R.Crim.P. 32(d). Moreover, in light of our holding on the cross-appeal, Medlock's argument is moot.

### B. The Armed Career Criminal Act Enhancement

■ The government's cross-appeal alleges that the district court erred in allowing Medlock's collateral challenge to the validity of previous state court convictions and erred in striking the sentence enhancement under the ACCA on a finding that the predicate convictions violated *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). According to the government, the case should be remanded for resentencing with enhancement under the ACCA. The question presented for our review is whether a defendant may challenge in federal sentencing proceedings the constitutional validity of prior convictions when such convictions are offered by the government for sentence enhancement under the Armed Career Criminal Act.[3] Our decision is controlled by *United States v. Roman,* 989 F.2d 1117 (11th Cir.1993) (en banc), *petition for cert. filed,* (U.S. July 29, 1993) (No. 93–5464).

---

3. This is the precise question pending before the Supreme Court in *United States v. Custis,* 988

F.2d 1355 (4th Cir.), *cert. granted,* —— U.S. ——, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993).

*Roman* involved a defendant's challenge at sentencing to the constitutional validity of an earlier state court conviction forming the basis for sentence enhancement under U.S.S.G. §§ 4A1.1 and 4A1.2.[4] According to Roman, the plea was not knowing and intelligent because he did not speak English and the record failed to affirmatively show the presence of an interpreter at the state plea hearing. We held:

> [W]hen a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is "presumptively void," the Constitution requires the sentencing court to review this earlier conviction before taking it into account.

*Id.* at 1120. We affirmed the defendant's sentence because defense counsel did not present enough evidence to "lay a factual foundation" for collateral review by the sentencing court.[5] *Id.* Without grounds to review defendant's allegation, we did not have to decide if the absence of an interpreter resulted in a presumptively invalid plea. We noted, however, that "the kinds of cases that can be included in the 'presumptively void' category are small in number and are perhaps limited to uncounseled convictions." *Id.*

We must now decide if Medlock presented a factual foundation for the alleged *Boykin* violation sufficient to justify collateral review on the grounds that the state convictions were presumptively void.

The Fourth Circuit answered a similar question in *United States v. Custis*, 988 F.2d 1355 (4th Cir.1993). Custis claimed that two convictions used as predicate offenses for sentence enhancement under the ACCA were obtained in violation of *Boykin*. The court approved Custis's sentence enhancement, reasoning:

> While prejudice to the defendant can be presumed on direct appeal when the record does not affirmatively demonstrate that the defendant's plea of guilty was knowing, this presumption does not carry over when a defendant attacks the intelligence of his plea collaterally.... When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent. The appropriate forum for such a fact-intensive inquiry will typically be a state collateral proceeding or federal habeas corpus, not a sentencing hearing for a separate offense far removed from the original conviction.

> We conclude, therefore, that the district court did not err in declining to entertain Custis's constitutional challenge ... to the validity of his guilty pleas. Those alleged violations did not carry with them the same presumption of prejudice that uncounseled pleas and convictions do. The multiple violations alleged by Custis could only have been established after fact-intensive investigations into state proceedings that are best undertaken in a different setting.

*Id.* at 1362–63 (citations omitted).

The court relied in part on the Supreme Court's analysis in *Parke v. Raley*, —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Raley filed a habeas petition challenging the constitutionality of a Kentucky sentencing enhancement statute that placed the burden of proving the prior convictions' invalidity on the defendant. Raley, like Medlock and Custis, grounded his claim in an alleged *Boykin* violation. The court upheld Kentucky's burden-shifting statute, declaring that it "easily passes constitutional muster." *Id.* at ——, 113 S.Ct. at 522. In so doing, Justice O'Connor reasoned:

> *Boykin* involved direct review of a conviction allegedly based upon an uninformed

---

4. We recognize that *Roman* arose in the context of sentencing enhancement pursuant to the guidelines, sections 4A1.1 and 4A1.2, whereas Medlock's appeal arises under the Armed Career Criminal Act. We do not find this distinction determinative. The rationale underlying our decision is equally applicable to both Sentencing Guidelines cases and those originating in 18 U.S.C. § 924(e).

5. Defense counsel offered only a summary of the state court proceedings that did not "affirmatively show the absence of an interpreter...." We decided this was "too indefinite" to require district court review. *Id.*

guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin's* presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 1022, 1024, 82 L.Ed. 1461 (1938).

*Id.* at —, 113 S.Ct. at 523. The Court added that the presumption of regularity, most commonly applied in the context of habeas actions, is equally applied to other forms of collateral attack. *Id.*

■ Were Medlock's challenge brought in the context of a habeas proceeding, he would have to overcome the presumption of regularity by making a factual showing that the pleas were not voluntary and intelligent. Here, he was before the district court for sentencing on a separate offense. In accord with the Supreme Court's pronouncement in *Raley*, we believe the presumption of regularity as to the earlier state court convictions attaches with at least equal force when a challenge to prior convictions arises in federal sentencing proceedings.

Our system of federalism does not envision federal sentencing courts sitting as open-door review boards at the beck and call of defendants who have failed to avail themselves of well-established procedures for direct appeal or habeas scrutiny. Those vital mechanisms of review are specifically structured to compensate for the difficulties inherent in such an undertaking. *See Custis*, 988 F.2d at 1361. In contrast, a fact-intensive, geographically and temporally specific review of state convictions during federal sentencing plunges a narrowly focused final hearing into a potentially murky and far-ranging inquiry. Such an intrusion not only violates a basic principle that "[f]ederal courts are not forums in which to relitigate state trials," *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391, 77 L.Ed.2d 1090 (1983), but "poses a risk of unduly delaying and protracting the entire sentencing process." *Custis*, 988 F.2d at 1361.

Returning to the standard we announced in *Roman*,[6] we decide if Medlock presented a factual foundation sufficient to overcome the presumption of regularity and policy considerations discussed, on a showing that the earlier convictions were presumptively void. The record convinces us that Medlock failed; it raises more questions than it answers about the state court convictions. For example, we cannot tell from the transcript of the state court proceedings if a plea was even entered at the hearing for which a transcript was provided. Nor do we know if there was a signed plea agreement, or what such a document's presence or absence implies in the state's procedural scheme. Additionally, the district court heard Medlock's state court attorney's testimony about his "habit and custom" in counseling defendants who accept plea agreements. Nonetheless, the district court did not rule on the lawyer's credibility. Instead, the court reached its decision *before* hearing that testimony, which it allowed solely for purposes of establishing an appellate record. We do not know what, if any, weight that testimony had on the court's decision not to enhance Medlock's sentence.

Medlock's proffer does not demonstrate that the state court convictions were presumptively void. Accordingly, the district court erred by refusing to enhance his sentence pursuant to the Armed Career Criminal Act. We emphasize that Medlock has other avenues of relief. As noted in *Custis*,

---

6. The district court did not have the benefit of our en banc decision in *Roman* at the time of sentencing on July 9, 1992. Indeed, defendant properly directed the court to the panel opinion, *United States v. Roman*, 960 F.2d 130 (11th Cir. 1992), which specifically permitted review under these circumstances. The district court, acting on that holding, did not err. However, that opinion was vacated when rehearing en banc was granted on July 28, 1992. *United States v. Roman*, 968 F.2d 11 (11th Cir.1992).

if [a defendant] is successful in making "a state or federal collateral attack upon the state sentence" during a habeas petition, for example, he may seek to revise any federal sentence in which the state conviction "was a factor."

*Custis,* 988 F.2d at 1363.

For all of the foregoing reasons, we AFFIRM in part, and REMAND for sentencing pursuant to the Armed Career Criminal Act enhancement.