[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-16448
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00003-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSEMBERG BERRERA BELTRAN,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------

**(February 13, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rosemberg Berrera Beltran appeals his convictions

and 262-month sentence for drug offenses in violation of 21 U.S.C. §§ 841 and 846.[1] No reversible error has been shown; we affirm.

Beltran first asserts that the district court erred in denying his motion to withdraw his guilty plea. According to Beltran, the district court failed to make factual findings to support its decision; and the government did not show that it would be prejudiced by the withdrawal of Beltran's guilty plea.

"A district court's denial of a request to withdraw a guilty plea is generally reviewed for abuse of discretion." United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). "The denial of a motion to withdraw a guilty plea is not an abuse of discretion unless the denial was arbitrary or unreasonable." Id. (internal quotation omitted).

A defendant does not have an absolute right to withdraw a guilty plea. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). But a defendant may withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In determining whether a defendant has met this burden, the district court should consider these factors: "(1) whether close

---

[1]Beltran was convicted of these specific offenses: (1) conspiracy to possess with intent to distribute at least 500 grams of a mixture of methamphetamine; (2) possession with intent to distribute at least 500 grams of a mixture of methamphetamine; and (3) possession with intent to distribute at least 50 grams of a mixture of methamphetamine.

assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (internal citation omitted).

We see no abuse of discretion in the district court's denial of Beltran's motion to withdraw his guilty plea. At the hearing on his motion, Beltran did not deny committing the offenses to which he pled guilty. Instead Beltran asserted that he disagreed with being made to "look like a big time drug dealer, a leader, a champion." Beltran's lawyer explained that, although Beltran "does not deny the specific charges to which he pled guilty," he disagreed with how the presentence investigation report characterized his involvement in the drug transactions.

Beltran has cited no authority to support his contention that the district court made insufficient findings in denying Beltran's motion. And we note that the district court, which reviewed much of its earlier conversations with Beltran about the consequences of pleading guilty, explained that Beltran appeared to be intelligent and to understand the district court's statements during the plea colloquy. In addition, we are unpersuaded that the district court erred in ruling on Beltran's motion without the government first presenting evidence on how it

would be prejudiced by the withdrawal of Beltran's guilty plea. See Izquierdo, 448 F.3d at 1276 ("A defendant-movant clearly has the burden on a motion to withdraw a guilty plea."). Beltran again offers no authority to support his argument; and he acknowledges that "a trial would obviously involve an expenditure of judicial resources."[2]

We turn to Beltran's challenge to his sentence. Beltran asserts that the district court erred in calculating his advisory Guidelines range because the district court improperly applied a managerial-role enhancement to his offense level. Beltran denies that he was a manager and instead contends that he was a mere "middle-man" who bought drugs and then sold them to other buyers. We review for clear error a district court's determination of a defendant's role in the offense. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

In determining a defendant's offense level, the district court may apply a three-level enhancement if the defendant was a "manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). To warrant application of the

---

[2]To the extent that Beltran contends that he did not fully understand the consequences of his guilty plea, we reject this argument. Beltran states that he felt pressured by his lawyer to plead guilty. But the district court elicited from Beltran that no one had coerced him into pleading guilty and that no on had made promises to Beltran for him to agree to plead guilty. In addition, Beltran informed the district court that he was satisfied with his lawyer's representation. We apply a "strong presumption that the statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187.

4

enhancement, the defendant must have acted as a manager or supervisor over at least one other participant.  See U.S.S.G. § 3B1.1 cmt. n.2.  Among other factors, the district court should consider the nature of participation in the commission of the offense, the nature and scope of the illegal activity, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others.  U.S.S.G. § 3B1.1 cmt. n.4.

The district court did not clearly err by enhancing Beltran's sentence based on his role as a manager or supervisor.  Beltran does not dispute that the conspiracy in this case involved five or more participants; and at Beltran's sentencing hearing, a witness -- who testified that he regularly bought drugs from Beltran, resold the drugs, and then paid Beltran with proceeds from the sale -- stated that Beltran paid other people to deliver drugs for him.  In addition, another witness testified that Beltran introduced him to a person brought to the United States from Mexico by Beltran to make drug deliveries on Beltran's behalf.  In the light of the evidence that Beltran recruited at least one person to carry out the offense, we see no clear error here.  See United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006) (rejecting defendant's argument that he was only a "cog in the wheel" because "[e]ven though others may have had a larger role in the conspiracy," evidence showed that defendant recruited and instructed co-

conspirators); <u>United States v. Matthews</u>, 168 F.3d 1234, 1249-50 (11th Cir. 1999) (explaining that, in a drug distribution case, "the management enhancement is appropriate for a defendant who arranges drug transactions, negotiates sales with others, and hires others to work for the conspiracy").

We affirm Beltran's convictions and sentence.

AFFIRMED.