[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13171
Non-Argument Calendar

_____

D. C. Docket No. 06-00084-CR-01-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUDIE RAYNARD ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 5, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Audie Alston appeals the denial of his motion to withdraw his guilty plea.

He argues that the government breached the terms of his plea agreement when it recommended a sentence greater than 20 years of imprisonment. We affirm.

## I. BACKGROUND

Alston was named as one of three defendants in a seven-count indictment filed in the Southern District of Georgia that charged multiple drug distribution and possession of firearms crimes. The government later reached an agreement with the United States Attorney for the Middle District of Florida and Alston in which the Florida U.S. Attorney would not prosecute Alston on related charges if Alston pleaded guilty and received a minimum sentence of imprisonment of 20 years in the Georgia district. The Georgia U.S. Attorney then filed both an information that charged Alston with conspiracy to distribute and possess 50 grams or more of cocaine and a motion to enhance Alton's sentence based on two prior drug convictions. See 21 U.S.C. § 851, 42 U.S.C. §§ 846, 841(b)(1)(A).

Alston waived prosecution by indictment and pleaded guilty to the information. The plea agreement provided that Alston was subject to a sentence between 10 years and life imprisonment for the conspiracy charge and that Alston "acknowledge[d] and under[stood] that the government [would] file the necessary motion to enhance [his] sentence pursuant to 21 U.S.C. § 851, doubling the statutory minimum for the charged offense to 20 years[.]" The agreement also

2

stated that "the Court [was] free to impose any sentence authorized by law up to the statutory maximum sentence" of life imprisonment and would take into consideration the range recommended under the Sentencing Guidelines.

During the plea colloquy, Alston acknowledged that he faced a sentence that ranged, after application of the sentence enhancement, from 20 years to life imprisonment. When asked if "anybody [had] given [Alston] any prophecy, prediction or guaranty about what sentence [would] be imposed[,]" Alston replied "A little bit." To clarify the situation, the court questioned Alston as follows:

> [THE COURT:] Good lawyers try to figure out what the guidelines are and try to figure what they think is going to be your guideline range here. Is that what you are talking about? Has Mr. Hawk given you some estimate about what he thinks will be your guideline range?
>
> [ALSTON:] Yes, sir.
>
> [THE COURT:] Let me put it a different way. Has Mr. Hawk attempted to give you any idea about what [the district court] is going to do?
>
> [ALSTON:] No, sir.

After the government provided testimony to establish a factual basis for the plea, the district court accepted Alston's guilty plea and dismissed Alston's indictment.

The presentence investigation report identified Alston as a career offender and listed a sentencing range between 292 and 365 months. Alston reviewed the report and filed a motion to withdraw his guilty plea. He argued that he did not

agree to a sentence in excess of 20 years, as required by the career offender enhancement, and contended that the government had recommended a sentence in the report that was not contained in the plea agreement. The government responded that Alston had not provided a "fair and just reason" to withdraw his plea because the evidence presented at the plea colloquy established that Alston understood the range of punishment. In support of its position, the government submitted a letter from defense counsel to an Assistant United States Attorney in Florida that stated Alston had "reached a plea agreement . . . providing for a minimum 20 year sentence[.]"

The district court denied Alston's motion to withdraw his plea. The district court found that Alston received close assistance of counsel, judicial resources would not be conserved if it permitted Alston to withdraw his plea, and the government would be prejudiced if forced to prepare for trial. The district court concluded that Alston knowingly and voluntarily accepted the plea agreement with the understanding that he faced a sentence of 20 years to life imprisonment and "in no way indicated . . . that he had been promised a determinate sentence of twenty years." At sentencing, the district court concluded that Alston was bound by the terms of the plea agreement that provided for a minimum 20-year sentence and sentenced Alston to 292 months in prison.

## II. STANDARD OF REVIEW

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). We will not reverse under this standard unless the decision is "arbitrary and unreasonable." United States v. Weaver, 275 F.3d 1320, 1328 n.8 (11th Cir. 2001). "Whether the government has breached a plea agreement is a question of law that this court reviews de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998).

## III. DISCUSSION

Alston contends that the plea agreement was ambiguous and the government breached its plea agreement when it recommended a sentence of imprisonment for more than 20 years. The district court concluded that Alston understood that he faced a minimum sentence of 20 years imprisonment and he was not promised a determinate sentence. The district court did not abuse its discretion when it denied Alston's motion to withdraw his guilty plea.

We view a plea agreement as a contract between the government and the defendant. Any material promise made by the government to induce the defendant to plead guilty is binding and must be fulfilled. United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004) (citing Santibello v. New York, 404 U.S. 257,

5

262, 92 S. Ct. 495, 499 (1971)). Whether the government violated the plea agreement is judged objectively according to the defendant's reasonable understanding at the time he entered his plea. Id.

The terms of Alston's plea agreement are clear. One of Alston's stated "obligations" in the agreement was to "acknowledge[] and understand[] that the government [would] file the necessary motion to enhance [his] sentence" to "doubl[e] the statutory minimum . . . to 20 years[.]" Another provision stated that Alston understood that the district court was not bound by the sentence recommended by the government and was "free to impose any sentence authorized by law up to the statutory maximum sentence."

The record establishes that Alston understood that he was not guaranteed a 20-year sentence. Alston's attorney stated in a letter that Alston had agreed to a "minimum 20 year sentence." Alston acknowledged during the plea colloquy that he was subject to a sentence that ranged from 20 years to life imprisonment. When questioned, Alston denied that he expected a specific sentence. See Medlock, 12 F.3d at 187 ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

The district court did not abuse its discretion by concluding that Alston failed to provide a "fair and just reason" for withdrawing his guilty plea. See Fed.

6

R. Crim. P. 11(d)(2)(B). The government did not breach the plea agreement because Alston was not promised a determinate sentence. The plea agreement and the plea colloquy establish that Alston reasonably understood that he could receive a sentence in excess of 20 years imprisonment and the presentence investigation report recommended a sentence well within the range of punishment listed in Alston's plea agreement.

The denial of Alston's motion to withdraw his guilty plea is **AFFIRMED**.