[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12735
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:08-cr-00040-CDL-GMF-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRELL MAURICE MARS,
a.k.a. Maurice Mars,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 23, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Terrell Maurice Mars appeals his conviction for bank robbery, in violation

of 18 U.S.C. § 2113(a).  On appeal, Mars argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea because Mars was effectively unrepresented by counsel at the hearing regarding this motion.

We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam).  The district court does not abuse its discretion unless its decision is arbitrary or unreasonable.  Id.  The district court may allow a defendant to withdraw a guilty plea after the court has accepted the plea but before it has imposed a sentence if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  We consider four factors when reviewing the district court's decision: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  Brehm, 442 F.3d at 1298 (quotation omitted).  A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea.  United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009), cert. denied, 130 S. Ct. 2403 (2010).

The district court did not abuse its discretion by denying Mars's motion to

withdraw his guilty plea because Mars did not demonstrate that he had a fair and just reason for the requested withdrawal. First, Mars had close assistance of counsel leading up to his guilty plea. Second, during his plea colloquy, Mars stated that he was pleading guilty freely and voluntarily, that he understood the nature of the charges against him, that he understood the consequences of pleading guilty, and that he was completely satisfied with his attorney's advice and representation. These statements are presumed to be true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). Third, judicial resources would not be conserved and the government might be prejudiced if Mars were allowed to withdraw his guilty plea and go to trial.

Mars's claim that the district court abused its discretion because he was unrepresented at the hearing on his motion to withdraw his guilty plea also fails. The district court explicitly denied Mars's motion to withdraw his guilty plea before it granted Mars's attorney's motion to withdraw from further representation. The court also explicitly noted that Mars was represented at the hearing, and the court gave Mars's attorney the opportunity to make a statement at the hearing. Accordingly, we affirm Mars's conviction.

**AFFIRMED.**