[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13510
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARVIS SANTIESTEBAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Darvis Santiesteban appeals the district court's denial of his motion to withdraw his guilty plea.  Santiesteban pled guilty to one count of conspiracy to possess with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846, and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).  The district court sentenced Santiesteban to 262 months' imprisonment—the low end of his advisory guidelines range.  Santiesteban maintains he should have been allowed to withdraw his guilty plea because he did not know he would be subject to the career offender guidelines in U.S.S.G. § 4B1.1.  After review of the record and consideration of the parties' briefs, we conclude the district court did not abuse its discretion by denying Santiesteban's motion to withdraw his guilty plea and we therefore affirm.  *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) ("We review the denial of a request to withdraw a guilty plea for abuse of discretion." (quotation omitted)).[1]

As the district court found, Santiesteban failed to demonstrate "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Izquierdo*, 448 F.3d 1269, 1277 (11th Cir. 2006) ("A defendant-movant clearly has the burden on a motion to withdraw a guilty plea.").  In determining whether the defendant demonstrated a fair and just reason for withdrawal, we consider "(1) whether close assistance of counsel was available;

---

[1] Santiesteban's motion to file a reply brief out of time is **GRANTED.**

2

(2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298 (quotation omitted).

First, Santiesteban had the close assistance of counsel. During the change-of-plea hearing, Santiesteban acknowledged that he (1) had reviewed the evidence against him with his lawyer, (2) had thoroughly discussed the decision to plead guilty with his lawyer, (3) had reviewed the plea agreement with his attorney, and (4) was satisfied with counsel's representation.

Second, Santiesteban's plea was not unknowing and involuntary because he expected a lower advisory guidelines range and did not know he would be subject to the career offender guidelines. The express terms of Santiesteban's plea agreement, and his own statements during the change-of-plea hearing, demonstrate the meritless nature of his arguments on appeal. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). In particular, Santiesteban's plea agreement explicitly stated his sentence had not yet been determined and any estimate of his probable sentencing range or ultimate sentence, whether received from counsel, the Government, or the probation office, was merely a prediction that was not binding on the district court. During the plea colloquy, the magistrate

judge expressly informed Santiesteban that "regardless of any expectation you may have as to what the sentence may be, if the Court were to sentence you to a term that was either different or greater than what you're anticipating, you cannot use that fact as a basis to withdraw your plea.  You would still be bound by your plea." Santiesteban responded "I understand, your Honor."  In addition, both the plea agreement and the magistrate judge informed Santiesteban of the statutory minimum and maximum sentences he could receive, and he confirmed to the magistrate judge that his decision to plead guilty was not the product of coercion and was made knowingly and voluntarily.

Finally, upholding Santiesteban's guilty plea would avoid a trial and conserve judicial resources, and we agree with the district court that the Government would be prejudiced by allowing Santiesteban to withdraw his guilty plea.

**AFFIRMED.**