[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16191
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60080-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEMIA GUPTON CHANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 3, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Semia Gupton Chandler appeals her convictions for conspiring to import

500 grams or more of a substance containing cocaine into the United States, in

violation of 21 U.S.C. §§ 952(a) and 963, and conspiring to possess with intent to

distribute 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Chandler pled guilty to the two charges, pursuant to a plea agreement that included a waiver of rights under Federal Rule of Criminal Procedure 11(f).  On appeal, Chandler argues that: (1) the district court plainly erred in accepting her guilty plea, because the plea was rendered coerced, unknowing, and involuntarily as a result of the Rule 11(f) waiver; and (2) the district court failed to ensure that her guilty plea was made free from coercion. After thorough review, we affirm.

Because Chandler did not raise any objection concerning a Rule 11 violation before the district court, we review for plain error.  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  To establish plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  Id.  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

Before a court can accept a guilty plea, it must conduct a plea colloquy in accordance with the requirements in Rule 11, which include, among other requirements, that the court inform a defendant that a guilty plea waives his trial rights and that the court ensure that the plea is entered voluntarily, rather than as a result of force, threats, or promises not included in the plea agreement.  See Fed. R.

Crim. P. 11 (b)(1)(F), (b)(2). In other words, a court accepting a guilty plea must comply with Rule 11 and specifically address its three "core principles," which ensure that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea. Moriarty, 429 F.3d at 1019. And in United States v. Dominguez Benitez, 542 U.S. 74 (2004), the Supreme Court held that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." Id. at 83.

There is a strong presumption that the statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). The Federal Rules provide that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Federal Rule of Evidence 410 says, in relevant part, that any statement made in the course of any Rule 11 proceeding is not admissible against a defendant in a civil or criminal case. Fed. R. Evid. 410(a)(3). Nor can a court admit a statement made during plea discussions if the discussions did not result in a guilty plea or resulted in a later-withdrawn guilty plea. Fed. R. Evid. 410(a)(4). In United States v. Mezzanatto, 513 U.S. 196 (1995), the Supreme Court held that, absent some affirmative indication that the agreement was entered

into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules -- Rule 11(f) and Rule 410 -- is valid and enforceable. 513 U.S. at 210; see id. at 200.

Here, Chandler has not shown that the district court committed plain error under Rule 11 by accepting a guilty plea that was based on an agreement that included a Rule 11(f) waiver. Based on the district court's extensive plea colloquy, the record reveals that Chandler agreed that no one threatened her in order to force her to plead guilty. Among other things, Chandler confirmed that she was satisfied with the advice of her attorney; that she had an opportunity to read and discuss the plea agreement with her attorney before she signed it; and that no one had made any other promises or assurances of any kind in an effort to get her to plead guilty, nor had made any promises or assurances as to the disposition of the case. See Fed. R. Crim. P. 11(b)(2); Moriarty, 429 F.3d at 1019. In addition, the district court expressly discussed the Rule 11(f) waiver with her during the plea colloquy, explaining the rights that she would normally have under Rule 11(f) and that she was giving up those rights by pleading guilty, and Chandler indicated three times that she understood. Shortly afterwards, the district court asked if Chandler still wanted to plead guilty, and she responded, "Yes, sir." On eight other occasions, Chandler expressed her desire to continue with her guilty plea after discussing the consequences of doing so. She also testified that she understood the terms of the

4

plea agreement. Thus, the record reveals that the district court sufficiently confirmed that Chandler's guilty plea was made voluntarily, free from coercion, and with an understanding of the rights that she was giving up by pleading guilty. See Moriarty, 429 F.3d at 1019.

As for Chandler's claim that the short period of time between her arrest and the execution of the plea agreement -- 26 days -- rendered the plea agreement coerced and involuntary, there is no basis for this claim. Moreover, Chandler points to nothing in the record indicating that the short period of time made her agreement unknowing or involuntary. We also find no merit to her claim that the government's superior prosecutorial bargaining power rendered the plea agreement coerced and involuntary. Indeed, the Supreme Court has expressly held that the "mere potential for abuse of prosecutorial bargaining power is an insufficient basis for foreclosing negotiation altogether." Mezzanatto, 513 U.S. at 210. The Supreme Court has also made clear "that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." Id.

Because we can find no plain error in the district court's acceptance of Chandler's guilty plea, we need not reach Chandler's arguments about any effect on her substantial rights or the proper standard to apply in such an inquiry. See id.

5

Accordingly, we affirm.

**AFFIRMED**.