[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15143
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00193-SCJ-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CIPRIANO VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 19, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Cipriano Vargas appeals the district court's denial of his request to withdraw his guilty plea.

Vargas pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine. But that was only after he had declined to change his plea at two earlier hearings scheduled for that purpose, fired his retained counsel, had the district court appoint new counsel, and asked the court to cancel a third would-be change of plea hearing. Before accepting Vargas' guilty plea, the court conducted a thorough plea colloquy in compliance with Rule 11 of the Federal Rules of Criminal Procedure. During that colloquy and while under oath, Vargas affirmed that he fully understood his plea agreement and the rights he was waiving, that he was guilty of the charged conduct, and that he was pleading guilty knowingly and voluntarily.

Vargas' sentence hearing started two months later, but the district court continued the hearing for one week because Vargas asked for more time to review the presentence investigation report with his appointed counsel. When the hearing resumed, defense counsel explained to the court that Vargas was asserting that he was innocent of the drug conspiracy and wanted to withdraw his guilty plea. The court denied Vargas' request, finding that it was just an attempt to delay sentencing. The court then sentenced him to fifteen years imprisonment followed by ten years of supervised release.

2

"We review the denial of a request to withdraw a guilty plea for abuse of discretion.  There is no abuse of discretion unless the denial is arbitrary or unreasonable."  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation marks and citations omitted).  "A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous."  United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006) (quotation marks omitted).

A defendant may withdraw a guilty plea after the district court has accepted it, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "In determining whether the defendant has met his burden to show a fair and just reason, a district court may consider the totality of the circumstances surrounding the plea."  Brehm, 442 F.3d at 1298 (quotation marks omitted).  "Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted).

Vargas contends that his guilty plea was not knowing and voluntary, as demonstrated by his reluctance to plead guilty and his assertion of innocence at the sentence hearing.  But he did plead guilty.  And he "swore during the plea colloquy that he committed the alleged offense, understood the possible consequences of his guilty plea, and waived his right to trial."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (quotation marks omitted).  The district court did not clearly err by crediting those sworn statements.  See id. ("There is a strong presumption that the statements made during the colloquy are true.").  Nor did it clearly err by discrediting Vargas' belated assertion of innocence and finding, based on his past conduct, that his request to withdraw his guilty plea was merely an attempt to delay sentencing.  See Buckles, 843 F.3d at 472 ("The good faith, credibility and weight of a defendant's assertions in support of [a request to withdraw a guilty plea] are issues for the trial court to decide.").  Delaying sentencing is not a fair and just reason to withdraw a guilty plea.  The district court did not abuse its discretion by denying Vargas' request.

**AFFIRMED.**