[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10393
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00012-RAL-TBM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS VIVAS CIFUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 1, 2018)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Vivas Cifuentes appeals his 87-month sentence for conspiracy to

possess with intent to distribute 5 kilograms or more of cocaine while aboard a

vessel subject to the jurisdiction of the United States.  He argues the district court

should have given him a mitigating role adjustment under United States Sentencing Guidelines § 3B1.2. The government moved to dismiss Cifuentes's appeal based on the sentence-appeal waiver in his plea agreement. The government argues that Cifuentes knowingly and voluntarily waived his right to appeal his sentence on the grounds he raises in this appeal. Cifuentes responds that the waiver is unconstitutional because his right to appeal did not exist when he signed the plea agreement. After careful review, we agree that Cifuentes's waiver is enforceable and dismiss this appeal.

I.

"We review the validity of a sentence appeal waiver de novo." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). Such waivers are valid and enforceable if they are made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993). The government can demonstrate a waiver was knowing and voluntary by showing either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Id. at 1351. When reviewing the plea colloquy, we look for clear language from the district court explaining what the defendant is giving up. See id. at 1352–53 (concluding the district court's confusing language about the sentence-appeal waiver made it unclear whether the defendant

2

understood that he was giving up his appeal rights).  Also, we "strong[ly] presum[e] that the statements made during the colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

II.

Section 6 of the plea agreement, titled "Defendant's Waiver of Right to Appeal the Sentence," stated that Cifuentes agreed to

> waive[] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution[.]

Cifuentes does not contend that his claims on this appeal fall into these exceptions.  Thus, if the waiver is valid, we must dismiss his appeal.

Cifuentes argues that the waiver is unconstitutional because, in his view, his statutory right to appeal did not exist when he signed the plea agreement.  His argument relies on Halbert v. Michigan, 545 U.S. 605, 125 S. Ct. 2582 (2005), in which the Supreme Court stated, "Halbert, in common with other defendants convicted on their pleas, had no recognized right to appointed appellate counsel he could elect to forgo."  Id. at 623, 125 S. Ct. at 2594.  Cifuentes argues that he had no statutory right to appeal at the time he entered the plea and, under Halbert,

3

could not waive what he had no right to do. This argument is foreclosed by binding precedent. In Bushert, this court held that a criminal defendant can waive his right to a direct appeal as part of a plea agreement, so long as the waiver is knowing and voluntary. 997 F.2d at 1350. Halbert, which established defendants' right to appointed counsel for purposes of Michigan's system of first-tier appellate review, 545 U.S. at 623, 125 S. Ct. at 2594, did not overrule our precedent in Bushert.

During the plea colloquy, Cifuentes said he understood the court's questions, the nature of the proceeding, the court's explanations of his plea agreement, and the rights he was giving up by pleading guilty. In response to the court's questions, Cifuentes said he was forty-two years old and he had about a third-grade education. Although he could not understand English, Cifuentes said he reviewed the plea agreement with his counsel who speaks Spanish and was assisted by an interpreter "on virtually every occasion" they met. Cifuentes confirmed he had no problem communicating with his counsel. He said he was not under the influence of any drugs, medication, or alcohol and had not been treated for any mental illness. The district court gave detailed explanations of the right to appeal and the sentence-appeal waiver, and Cifuentes said he understood that he was giving up his right to appeal by pleading guilty. In short, there is nothing in the record indicating Cifuentes did not understand the waiver and its consequences or otherwise

rebutting the "strong presumption that the statements made during the colloquy are true."  See Medlock, 12 F.3d at 187.  And Cifuentes has not pointed to, nor have we otherwise identified, anything in the record indicating the waiver provision or the court's colloquy was confusing or misleading.  See Bushert, 997 F.2d at 1352–53.

On this record, the government's motion to dismiss is **GRANTED.**