[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11962
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00274-SDM-AAS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORLAY YOROJO RENTERIA,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 9, 2020)

Before ED CARNES, Chief Judge, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Horlay Renteria, a citizen of Colombia, was caught ten miles off the west

coast of Panama by the U.S. Coast Guard.  He and two other men were on a go-fast

boat with over 1,000 kilograms of cocaine. He pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine. As part of his written plea agreement, he agreed to waive his right to appeal his sentence unless the sentence exceeded the applicable guidelines range as determined by the court, the sentence exceeded the statutory maximum, the sentence violated the Eighth Amendment, or the government first appealed.

Renteria initialed each page of his plea agreement except for the last, which he signed. His attorney also signed the plea agreement, as did an interpreter, who wrote: "I certify that on July 14, 2017, I read this plea agreement to Defendant and translated it into the Spanish language for him. He understood it and had no questions about it."

At his change of plea hearing, Renteria had an interpreter and was represented by an attorney.[1] He was placed under oath and questioned to ensure that his plea was made knowingly and voluntarily. He was told that if he had any questions the court would stop the hearing so he could talk to his attorney. He testified that he was 37 years old, had attended school up to the 11th grade, was not under the influence of drugs or alcohol, and spoke and wrote in Spanish but not English. The court explained the charge against him and explained that it carried a

---

[1] Renteria consented to allow the magistrate judge to conduct his change of plea hearing. He and four other co-conspirators were all indicted together and had their change of plea hearing together. The magistrate judge questioned them all at the same time.

2

mandatory minimum sentence of ten years in prison and a potential maximum sentence of life in prison.  Renteria said that he understood and chose to plead guilty.  The court explained the trial rights that Renteria would be giving up, and Renteria said that he did not have any questions.  The court also specifically discussed the appeal waiver.  It explained what a direct appeal is and that, under the terms of Renteria's waiver, he would be "stuck with" his sentence unless one of the exceptions applied.  Renteria said that he understood.

Renteria's Presentence Investigation Report assigned him an offense level of 33 and a criminal history category of I, and it calculated a guidelines range of 135 to 168 months' imprisonment.  Renteria did not object to the PSR.

At his sentence hearing, Renteria again had an attorney and an interpreter.  He did not object to the facts in the PSR or to the guidelines calculation.  He requested that the court consider a below-guidelines sentence based on the poverty he faced in Colombia.  The court did take that into account but, based on the severity of the crime, it sentenced him to 135 months in prison, the bottom of the guidelines range.  Renteria appealed, arguing that his sentence is substantively unreasonable.[2]  The government moves to dismiss Renteria's appeal based on the

---

[2] Renteria did not immediately file a notice of appeal.  In October 2018 he filed a 28 U.S.C. § 2255 motion to vacate, claiming that his counsel was ineffective for failing to file a notice of appeal.  The district court found that Renteria's allegations and his former attorney's representations were in direct conflict, so an evidentiary hearing was necessary.  But because Renteria was in prison, the court found that judicial economy was best served by granting the motion so that he could file an out-of-time appeal with the assistance of counsel.  The court

appeal waiver.  Renteria does not contend that his claim on appeal falls into any of the exceptions to his appeal waiver.  Thus, if the waiver is enforceable, we must dismiss his appeal.

An appeal waiver is enforceable if it is knowingly and voluntarily made by the defendant.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  We review de novo the validity of an appeal waiver.  Id.  The government can establish that a waiver is knowingly and voluntarily made by showing "either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).  There is "a strong presumption that the statements made during the [plea] colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Renteria argues that he did not knowingly and voluntarily waive his right to appeal because he is a citizen of Colombia with little education and did not understand what the court meant by "lawful" or "the Eighth Amendment."  But Renteria had an interpreter and was represented by an attorney.  He was told that he could ask his attorney questions.  And he said that he understood that he was

---

granted his motion and vacated the judgment against Renteria, then issued a new judgment and imposed the same sentence upon him again in May 2019.  It is that judgment Renteria is appealing.

4

giving up his right to appeal except in the enumerated circumstances. At no point in his plea colloquy did he say that he didn't understand. A bare accusation that he did not, in fact, understand the waiver does not overcome the "strong presumption" that he was telling the truth when he said that he did. See id.

**DISMISSED**