[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10972
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cr-00113-SCB-AAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MONTENEGRO CORTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 8, 2020)

Before LAGOA, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver

in Appellant's plea agreement is GRANTED. As the record reveals, Cortes

knowingly and voluntarily waived his right to appeal his sentence. See United States

v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily). At the plea colloquy, the magistrate judge specifically questioned Cortes, through an interpreter, about the sentence appeal waiver. The magistrate judge correctly explained the waiver's terms, including its exceptions, and Cortes confirmed, under oath, that he understood. Further, although Cortes's hearings were conducted through an interpreter, the record does not indicate that he was confused at the proceedings -- rather, he contested his knowledge of the quantity or substance on the vessel, revealing that he was aware of the allegations against him and followed the proceedings. Moreover, nothing in the record undermines the presumption that Cortes's statement at the hearing were truthful. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (noting the strong presumption that the statements made during a plea colloquy are true). Thus, on the record before us, Cortes knowingly and voluntarily entered into the plea agreement. See Bushert, 997 F.2d at 1350-51; see also United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (noting that the waiver of the right to appeal includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error).

Additionally, none of the exceptions to the sentence appeal waiver apply here. For starters, the district court adopted the presentence investigation report ("PSI"), which concluded that Cortes's guideline range was 108 to 135-months'

2

imprisonment, and the district court sentenced Cortes to 108 months' imprisonment. None of the other exceptions apply because Cortes's sentence was below the statutory maximum, he does not raise any Eighth Amendment challenges, and the government did not initiate the instant appeal. Therefore, we conclude that Cortes's sentence appeal waiver is valid and enforceable, and we dismiss the appeal. See Grinard-Henry, 399 F.3d at 1297.

**DISMISSED**.