[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10685
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00077-LMM-RGV-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MENDOZA-PEREZ,
a.k.a. Rojo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 17, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRASHER, Circuit
Judges.

PER CURIAM:

Jorge Mendoza-Perez appeals his conviction and sentence of 132 months of imprisonment for conspiring to possess with the intent to distribute methamphetamine. 21 U.S.C. §§ 846, 841(b)(1)(A). Perez challenges, for the first time, the validity of his guilty plea. Perez also challenges the denial of a two-level reduction for minor role under the Sentencing Guidelines. We affirm in part and dismiss in part.

Because Perez failed to move to withdraw his plea, our review is for plain error. *See United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014). That standard requires Perez to prove an error that is plain and that affects his substantial rights. *See id.*

The district court did not plainly err by accepting Perez's plea of guilt. During the plea colloquy, Perez stated that he had reviewed his case with counsel, had knowingly and voluntarily entered into a written plea agreement with the government, had not been induced or coerced to plead guilty, understood the charges against him and the consequences of pleading guilty, and agreed with the factual statement provided by the government. Perez stated that he received one year of schooling in Mexico and had a limited ability to read or write in Spanish. He acknowledged that he never had suffered from or undergone treatment for mental or emotional illness and that he would likely be deported after completing his sentence. Perez also stated that he understood the sentencing range he faced,

2

that the district court would select his sentence, and that he was "giving up [his] rights to appeal in almost all circumstances," including the "right to appeal [his] sentence" "even if it [was] wrong or [he was] unhappy with it." The district court complied with Federal Rule of Criminal Procedure 11 by informing Perez of his rights and ensuring that he understood what rights he was forfeiting by pleading guilty. *See Rodriguez*, 751 F.3d at 1254. Based on this record, Perez cannot overcome the strong presumption that he entered his plea of guilty knowingly and voluntarily. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

Perez argues that the district court erred by denying him a two-level reduction for a minor role under section 3B1.2(b) of the Sentencing Guidelines, but his argument is barred by the appeal waiver in his plea agreement. Perez waived the right to appeal his sentence unless there was an "upward departure or upward variance above the sentencing guideline range as calculated by the District Court," his "counsel rendered constitutionally ineffective assistance," or "the Government initiate[d] a direct appeal of the sentence imposed . . . ." Perez acknowledged that he was "giving up most of [his] right[s] to appeal [his] sentence" during the plea colloquy. Perez knowingly and voluntarily waived the right to appeal his sentence.

3

*See United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). We dismiss the appeal of this issue.

We **AFFIRM** Perez's conviction and **DISMISS** the appeal of his sentence.