[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13491

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHELTON MICHAEL ANDREWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14045-DLG-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Shelton Michael Andrews appeals his 240-month total imprisonment sentence for possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm and ammunition by a convicted felon, arguing that his sentence is procedurally and substantively unreasonable. The government argues that Andrews's appeal should be dismissed based on the appeal waiver in his plea agreement. After carefully examining the record, we agree with the government. Accordingly, we dismiss this appeal.

## I.

Andrews pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Andrews pleaded guilty subject to the terms of a written plea agreement.

In his written plea agreement, Andrews acknowledged his right to appeal and agreed to waive his appellate rights under certain conditions. The plea agreement states that, in exchange for certain government actions, Andrews "waive[d] all rights conferred by [] [18 U.S.C. §] 3742 and [28 U.S.C. §] 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed." Doc. 27 at 5. There are two

exceptions to this appellate waiver listed in the agreement. First, the agreement states that the waiver would not apply if "the sentence exceeds the maximum [sentence] permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline range that the Court establishes at sentencing." *Id.* Second, the agreement states that if the United States appeals Andrews's sentence, then he will be released from the waiver. Moreover, the plea agreement states that Andrews had discussed the agreement with his attorney and agreed to request a finding that he had knowingly and voluntarily waived his appellate rights. Andrews, his counsel, and counsel for the government signed the plea agreement.

Andrews then affirmed that he understood the agreement at a change of plea hearing. Andrews was subsequently sentenced to a term of 240 months of imprisonment—240 months for the methamphetamine charge and 120 months for the felon-in-possession charge, to run concurrently—which was below the applicable guideline range and the statutory maximum. Andrews appeals that sentence.

## II.

The government argues that Andrews's appeal waiver precludes this appeal. If the government is correct, we may not address the arguments Andrews has raised about his sentence's alleged procedural and substantive unreasonableness. As we will discuss below, the appeal waiver applies in this case, and our inquiry starts and ends with the appeal waiver.

We review the validity of an appeal waiver *de novo*. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *See id.* The government cannot show that an appeal waiver was knowing and voluntary from an examination of the agreement's text alone. *See id.* at 1352. There is a strong presumption that statements made during the Rule 11 colloquy are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In *United States v. Boyd*, 975 F.3d 1185 (11th Cir. 2020), we held that an appeal waiver was enforceable even when the district court did not completely discuss the exceptions to the waiver. *See id.* at 1192. We held that the "touchstone" for determining a waiver's enforceability "is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *Id.* (cleaned up).

Here, the appeal waiver applies on its own terms because Andrews was sentenced to a term below the calculated guideline range and the statutory maximum, and the government has not appealed. Therefore, neither textual exception to the waiver applies. Furthermore, the appeal waiver is enforceable because the

district court questioned Andrews about the waiver and its exceptions and conveyed to him that he was waiving his right to appeal his sentence in most circumstances. *See id.* The appeal waiver was clear and unequivocal, it was explained to Andrews in court, and Andrews orally affirmed in court that he understood the appeal waiver and its exceptions. Thus, the appeal waiver is enforceable. As a result, Andrews's claims of unreasonableness are barred by the appeal waiver; and we do not consider them. Accordingly, we dismiss this appeal pursuant to the appeal waiver in Andrews's plea agreement.

## III.

For the reasons stated above, we **DISMISS** Andrews's appeal.