[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10483
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00006-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM ARNOLD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 29, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Adam Arnold appeals his conviction and sentence for receipt and distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). On appeal, Arnold argues that the district court committed plain error by improperly advising him that he faced a maximum term of supervised release of five years, instead of the applicable lifetime term. He argues that this affected his substantial rights because, although both his plea agreement and presentence investigation report included the correct term, he may not have been fully aware of his rights when he pled.

We review for plain error when a defendant does not object to a Rule 11 colloquy error in the district court. *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009). To establish plain error, a defendant must show that there is an error, that was plain, and that affected his substantial rights. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). When a defendant asserts that the district court committed plain error under Rule 11 and seeks reversal of his conviction after pleading guilty, the defendant must "show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 1020 (quotation omitted). Even then, the error must still "seriously [affect] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010) (quotation omitted). The burden is on the defendant to show that there was an error and that it did affect his substantial rights. *United*

*States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Statements made under oath by a defendant during a colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

We will consider the whole record when assessing whether a Rule 11 error affects a defendant's substantial rights. *Brown*, 586 F.3d at 1345. Misadvising as to the maximum term of supervised release for a guilty plea can go to the knowing and voluntary nature of that plea. *See Moriarty*, 429 F.3d at 1019; *see also* Fed. R. Crim. P. 11(b)(1)(H).

While the district court did plainly err in this case, Arnold has not shown that it affected his substantial rights because he has not demonstrated, or even argued on appeal, that he would not have pled guilty but for the district court's error. *See Moriarty*, 429 F.3d at 1019-20. Additionally, a review of the record does not show any indication that Arnold would not have pled guilty because both the plea agreement and presentence investigation report included the correct term of supervised release, Arnold acknowledged that he had reviewed them with his attorney, and Arnold filed no objections to the lifetime term at sentencing. *See Brown*, 586 F.3d at 1346-47. Therefore, we affirm.

**AFFIRMED.**