[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10838
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20038-JAL-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE THOMAS, JR.,
a.k.a. Boobie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 13, 2017)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

After pleading guilty, Wayne Thomas, Jr., appeals his convictions for conspiracy to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Thomas argues for the first time on appeal that his guilty plea was not knowing and voluntary because the district court failed to ensure that he knew the full consequences of his plea by providing him with pre-plea draft calculations of his advisory guideline range.[1]  After careful review, we affirm.

Guilty-plea proceedings are governed by Rule 11 of the Federal Rules of Criminal Procedure. We review for plain error where, as here, the defendant raises constitutional or Rule 11 objections for the first time on appeal. *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005). Under the plain-error standard, "[w]e may correct a plain error only when (1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights." *United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016). If those three requirements are met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

---

[1] Thomas also argues that the sentence-appeal waiver in his plea agreement is not enforceable because it is "unconscionable." We need not address that argument because the government does not contend that the waiver applies to his challenge to the validity of his plea.

An error is "plain" if it is "clear" or "obvious." *Id.* "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). To obtain reversal of a conviction based on plain error in the guilty-plea context, the defendant must show a reasonable probability that, but for the error, he would not have pled guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

A guilty plea is constitutionally valid only if it is both voluntary and knowing. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Therefore, before accepting a guilty plea, a district judge must determine that the plea was voluntarily and knowingly entered into. *Boykin v. Alabama*, 395 U.S. 238, 239, 242 (1969).

Rule 11 is "designed to assist the district judge making the constitutionally required determination" that a guilty plea is knowing and voluntary. *McCarthy*, 394 U.S. at 465. "A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019.

To ensure that the defendant understands the consequences of his guilty plea, Rule 11 requires the district court, before accepting the plea, to address the defendant personally in open court and inform him of rights and other relevant matters, including the maximum possible penalty, any mandatory minimum penalty, and the court's obligation to calculate the applicable guideline range and to consider that range and other sentencing factors under 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1)(H), (I), and (M).

Thomas argues that his guilty plea was not knowing and voluntary because the district court failed to ensure that he fully understood the consequences of his plea. Citing the centrality of the Sentencing Guidelines to the sentencing process, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (stating that the Guidelines establish the "essential framework . . . for sentencing proceedings"), Thomas reasons that district courts should be required to direct the probation office to provide defendants draft guideline calculations before the court accepts a guilty plea.

Thomas has not shown plain error. To begin with, nothing in Rule 11 requires the pre-plea disclosure of draft guideline calculations. *See generally* Fed. R. Crim. P. 11(b)(1). And the record shows that the district court complied with Rule 11 by ensuring that Thomas understood the consequences of his guilty plea. The court informed Thomas of the minimum and maximum sentences for his

offenses, stated that it would consider the Sentencing Guidelines but could not determine his advisory guideline range until after the probation office prepared a presentence investigation report, and warned that the sentence imposed could be different from any estimate that his attorney had given him. Thomas confirmed his understanding of these matters, stated that he had discussed with counsel how the Sentencing Guidelines might impact his case, and represented that he had no additional questions about the consequences of his plea. After Thomas admitted to the facts in a factual proffer and affirmed that he was pleading guilty because he was in fact guilty, the district court accepted his plea as knowingly and voluntarily made. In sum, the district court did all that was required by Rule 11 to ensure that Thomas understood the consequences of his plea.

Although Thomas maintains that disclosure of pre-plea draft guideline calculations are constitutionally mandated, he does not cite any Supreme Court or Eleventh Circuit case, or any other case for that matter, holding that a guilty plea is not knowing and voluntary where a trial court fails to provide draft guideline calculations before the defendant enters a guilty plea. Because it's clear that Thomas's proposed rule is not established in either this Court's or the Supreme Court's precedent, the district court did not plainly err in accepting Thomas's guilty plea as knowing and voluntary. *See Lejarde-Rada*, 319 F.3d at 1291.

Finally, even assuming Thomas could establish an error that was "plain," he has not shown that the error affected his substantial rights. As noted above, Thomas affirmed during the plea colloquy that he understood the consequences of his guilty plea and had discussed with counsel how the Sentencing Guidelines might affect his case. We presume these statements are true, *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), and nothing else in the record contradicts them or suggests that he would not have entered his guilty plea had the he received draft guideline calculations from the probation office. *See Dominguez Benitez*, 542 U.S. at 83.

Because Thomas has not shown that the district court plainly erred in accepting his guilty plea as knowing and voluntary, we affirm his convictions.

**AFFIRMED.**