[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13731
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00137-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN ARTHUR THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 27, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Brian Thomas appeals from his 360-months sentence, imposed after he pled

guilty to one count of sexual exploitation of a child by producing child

pornography, in violation of 18 U.S.C. §§ 251(a) and (e).  He argues the district court erred in calculating his United States Sentencing Guidelines range; in denying his request for a downward departure; in denying his request for a variant sentence; and in imposing a substantively unreasonable sentence.  The government filed a motion to dismiss Thomas's appeal based on the sentence-appeal waiver in his plea agreement.  The government argues that Thomas knowingly and voluntarily waived his right to appeal his sentence on the grounds he raises in this appeal.  Thomas responds that he did not knowingly and voluntarily agree to the sentence-appeal waiver "because of his lack of education, his drug addiction and his abusive childhood, which clearly damaged his cognitive ability to reason and understand what waiving said right to appeal meant."  After careful review, we agree that Thomas's waiver was knowing and voluntary.

## I.

"We review the validity of a sentence appeal waiver de novo."  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  Such waivers are valid and enforceable if they are made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).  The government can demonstrate a waiver was knowing and voluntary by showing either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full

2

significance of the waiver.  Id.  When reviewing the plea colloquy, we look for clear language from the district court explaining what the defendant is giving up. See id. at 1325–53 (concluding the district court's confusing language about the sentence-appeal waiver made it unclear whether the defendant understood that he was giving up his appeal rights).  Also, we "strong[ly] presum[e] that the statements made during the colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

## II.

Part 7 of the plea agreement, titled "Defendant's Waiver of Right to Appeal the Sentence," stated that Thomas agreed to

> waive[] the right to appeal [his] sentence on any ground, . . . except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution.

Thomas does not contend that his claims on this appeal fall into these exceptions. Thus, if the waiver is valid, we must dismiss his appeal.

Thomas agrees that "the record makes clear that the District Court specifically questioned [him] about the [sentence-appeal] waiver."  He also agrees he "may have answered that he understood the plea agreement and waiver and that his counsel answered all of his questions."  However, he argues that his history of

3

abuse and drug use "brings into question [his] ability to understand the waiver, even though it was explained to him by counsel and the [court]." He contends this is sufficient to render his waiver invalid.

We disagree. During the plea colloquy, Thomas said he understood the court's questions, the nature of the proceeding, the court's explanations of his plea agreement, and the rights he was giving up by pleading guilty. In response to the court's questions, Thomas said that he had about a twelfth grade education and could read, write, and understand English; that he was not under the influence of any drugs, alcohol, medication, or other intoxicant, nor had he taken any drugs or medication in the last twenty-fours; and that he had never suffered from or been treated for any mental or emotional disease or illness, nor did he currently suffer from any such problem. When asked if there was "anything at all" that could affect his ability "to think clearly, to concentrate, or to understand these proceedings," Thomas answered no. His attorney also said he did not have any concerns about Thomas's competency. In short, there is nothing in the record indicating Thomas did not understand the waiver and its consequences or otherwise rebutting the "strong presumption that the statements made during the colloquy are true." See id. And Thomas has not pointed to, nor have we identified, anything in the record indicating that the waiver provision or the court's colloquy was confusing or misleading. See Bushert, 997 F.2d at 1352–53.

4

On this record, the government's motion to dismiss is **GRANTED.**