[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13835
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00150-MHH-SGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMES CHIMAERA-EL,
a.k.a. Aaron T. Burge,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 7, 2018)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, defendant Hermes Chimaera-El appeals his conviction for one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 371 and 1029(a)(1).[1]  On appeal, Chimaera-El argues that his guilty plea should be set aside because, during the plea colloquy, the district court failed to inform him that he could not withdraw his guilty plea if the district court did not accept the government's sentencing recommendation.  The plea agreement, however, did contain this express admonition.  After plain error review, we affirm.

## I.  BACKGROUND

### A.    Plea Agreement and Certification

Chimaera-El and his co-conspirator used a credit card encoder to "re-encode" credit/debit cards in their names, but which were assigned to accounts that belonged to other individuals.  The conspirators then travelled from North Carolina to Alabama, where they stayed in a hotel.  The conspirators were arrested after they used their re-encoded cards to purchase gift cards at multiple Lowes stores around the Birmingham, Alabama area.

Pursuant to a written plea agreement, Chimaera-El agreed to plead guilty to one count of conspiracy to commit access device fraud.  In exchange, the government agreed to recommend at sentencing that, inter alia, Chimaera-El be

---

[1]The district court sentenced Chimaera-El to 15 months' imprisonment, which he has already served.  Chimaera-El is now out on supervised release.

incarcerated for a term consistent with the low end of the advisory guidelines range, as determined by the district court.

The plea agreement also contained a provision expressly advising Chimaera-El that the government's sentencing recommendation was not binding on the district court and that Chimaera-El would not be able to withdraw his guilty plea if the district court did not accept the government's recommendation, as follows:

> ## VI.  AGREEMENT NOT BINDING ON COURT
>
> The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the government's recommendation.  Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

(emphasis added).  Chimaera-El initialed every page of the plea agreement, including the pages that contained the aforementioned provision, and signed the last page of plea agreement to indicate that he had read, understood, and approved all of the agreement's provisions.

Chimaera-El also was provided a Guilty Plea Advice of Rights Certification ("certification"), which advised him, in part, that: "The judge is not bound by the terms of [the] plea agreement, and if the agreement is rejected, I cannot withdraw the guilty plea."  By placing his initials next to this statement, Chimaera-El indicated that he understood.  Chimaera-El and his attorney also signed the

3

certification, acknowledging that his attorney had explained the matters in the certification to him in detail.

## B.    Plea Hearing

At his plea hearing, Chimaera-El testified under oath that he had reviewed and discussed the plea agreement and the certification with his attorney and that he had initialed and signed each document.  During the plea colloquy, the district court informed Chimaera-El that the maximum penalty it could impose was up to five years' imprisonment and three years' supervised release, and that it was not bound by the government's sentencing recommendation.  Chimaera-El confirmed that he understood.

The district court explained how the sentencing guidelines worked and again ensured that Chimaera-El understood that the resulting guidelines range the court would calculate was advisory and that the court could sentence him above or below the recommendation, but could not exceed the statutory maximum penalty.  The district court explained that Chimaera-El was surrendering certain rights by pleading guilty, including his right to go forward to trial, to cross-examine witnesses, to present his own witnesses, and to be represented by counsel at trial.

Importantly, however, the district court did not inform Chimaera-El that he would not be allowed to withdraw his guilty plea if the court declined to accept the government's recommended sentence.  Chimaera-El did not object to this error.  At

4

the close of the plea hearing, the district court found that Chimaera-El was pleading guilty voluntarily and accepted Chimaera-El's plea.

## C.    Presentence Investigation Report

Prior to sentencing, the presentence investigation report ("PSI") assigned Chimaera-El a total offense level of 10.  The PSI detailed Chimaera-El's criminal history and noted that his last felony conviction, in state court, also involved fraudulent use of a credit card, and police had found him in a hotel room with a credit card skimmer connected to a laptop with numerous credit cards and gift cards on the desk.  For that state offense, Chimaera-El served a 13-month sentence. Ultimately, the PSI placed Chimaera-El in criminal history category III, which produced an advisory guidelines range of 10 to 16 months.

Chimaera-El raised certain objections to the PSI that are not relevant to this appeal.  However, he did not object to the district court's compliance with Federal Rule of Criminal Procedure 11 at his plea colloquy; nor did he move for leave to withdraw his plea.

## D.    Sentencing

At sentencing, the district court resolved Chimaera-El's PSI objections, and calculated an advisory guidelines range of 10 to 16 months' imprisonment.  In accordance with the plea agreement, the government recommended that the district court impose a 10-month sentence, at the bottom of the advisory guidelines range.

The district court imposed a 15-month sentence, followed by 3 years' supervised release.  The district court stressed the need to deter Chimaera-El in the future and noted that Chimaera-El's previous state sentence (of 13 months) for the same kind of crime had not deterred him.  After imposing the sentence, the district court asked defense counsel if he had any additional objections to the sentence or the manner in which it was imposed, and defense counsel responded in the negative.  During the sentencing, Chimaera-El did not make any statement indicating that he had an objection concerning his plea colloquy or that he wished to withdraw his guilty plea.

## II.  DISCUSSION

### A.    Rule 11 and Guilty Pleas

The district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).  To that end, Rule 11 requires the district court, before accepting the defendant's guilty plea, to inform the defendant of, and make sure the defendant understands, certain matters. See Fed. R. Crim. P. 11.  In pertinent part, under Rule 11(c)(3)(B), if the government agrees to make a nonbinding sentencing recommendation to a district court pursuant to a plea agreement, the district court is obligated to advise the defendant that he "has no

6

right to withdraw the plea if the court does not follow the recommendation." Fed. R. Crim. P. 11(c)(1)(B), (c)(3)(B).

When accepting a guilty plea, the district court must ensure that three core concerns underlying Rule 11 are met: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant is aware of the direct consequences of pleading guilty. United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000). This Court has "upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003).

Where the defendant failed to object to a Rule 11 error at his plea hearing, this Court reviews only for plain error. Camacho, 233 F.3d at 1313. Under the plain error standard, the defendant must show there was an error, that it was clear or obvious, and that it affected his substantial rights. Id. To show plain error in the Rule 11 context, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). In reviewing the plea colloquy for plain error, we "may consult the whole record when considering the effect of any error on substantial rights." Monroe, 353 F.3d at 1351.

7

**B.    Chimaera-El's Rule 11 Claim**

The parties agree that during the plea colloquy, the district court violated Rule 11(c)(3)(B) by failing to advise Chimaera-El that he could not withdraw his guilty plea if the district court did not follow the government's sentencing recommendation.  The parties also agree that plain error review applies because Chimaera-El did not bring the Rule 11 error to the district court's attention during the plea hearing.

Reviewing for plain error, we must conclude that Chimaera-El's claim fails because he has not shown that the Rule 11 error affected his substantial rights. First, on appeal Chimaera-El does not state that he wishes to withdraw his guilty plea or that, but for the Rule 11 error, he would not have pled guilty.  See Dominguez Benitez, 542 U.S. at 83, 124 S. Ct. at 2340 (requiring the defendant to show a reasonable probability that he would not have pled guilty absent the Rule 11 error).

Second, and in any event, the record as a whole reflects that Chimaera-El knew when he entered his guilty plea that he could not withdraw it if the district court refused to follow the government's sentencing recommendation. Specifically, at his plea hearing, Chimaera-El affirmed under oath that he had reviewed with his attorney and understood both his plea agreement and his certification.  See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 2003)

8

("There is a strong presumption that the statements made during the [plea] colloquy are true."). The plea agreement unequivocally advised Chimaera-El that the government's recommendation was not binding on the district court and that Chimaera-El would not be able to withdraw his guilty plea if the district court did not follow it. Further, the district court twice ensured that Chimaera-El understood that the court was not a party to the plea agreement and was not bound by the government's recommendation. Under these circumstances, the record as a whole demonstrates that Chimaera-El's substantial rights were not affected. See Camacho, 233 F.3d at 1320-22 (concluding, under plain error review, that the district court's failure to advise the defendant that she could not withdraw her guilty plea did not affect her substantial rights because the district court informed the defendant twice that it was not bound by the government's sentencing recommendation and the plea agreement clearly stated that the defendant would not be allowed to withdraw her plea).

To the extent that Chimaera-El argues that the district court's Rule 11 error results in per se reversal, his argument is not supported by this Circuit's precedent. See, e.g., Monroe, 353 F.3d at 1354 (explaining that a conviction may be affirmed where the plea colloquy violated one of Rule 11's express requirements, but the record shows the rule's three core concerns were addressed). Similarly, Chimaera-El's reliance on United States v. Adams, 566 F.2d 962 (5th Cir. 1978), is

misplaced.  In <u>Adams</u>, the Fifth Circuit remanded the case based on the district court's total failure to explain the nature of the charges to the defendant, not because the district court did not inform the defendant that he could not withdraw his guilty plea in the event the court did not accept the government's sentencing recommendation.  <u>See</u> <u>id.</u> at 966-67.

In sum, because Chimaera-El has not shown a reasonable probability that, but for the district court's Rule 11 error, he would not have pled guilty, he has not established plain error.  <u>See</u> <u>Dominguez Benitez</u>, 542 U.S. at 83, 124 S. Ct. at 2340.  Accordingly, we affirm Chimaera-El's conviction and sentence.

**AFFIRMED.**