[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15060
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00005-LJA-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTRON MILES,
a.k.a. Bird,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 20, 2019)

Before ED CARNES, Chief Judge, and WILSON, and HULL, Circuit Judges.

PER CURIAM:

Anton Miles pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, cocaine, cocaine base, marijuana, and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(i), 841(b)(1)(C), and 841(b)(1)(D).  He was sentenced to 360 months imprisonment.  He now appeals, claiming the district court abused its discretion in denying his motion to withdraw his guilty plea and in denying him an evidentiary hearing.

I.

Miles and twenty co-defendants were indicted for multiple narcotics offenses.  Following the indictment the government filed a sentencing enhancement information in accordance with 21 U.S.C. § 851(a) notifying Miles that he faced a mandatory minimum sentence of life imprisonment due to his five prior felony drug convictions.  Miles then pleaded guilty.  He admitted that, while he was incarcerated in a Georgia state facility, law enforcement intercepted hundreds of calls coordinating drug transactions on his contraband phone.  The parties stipulated that he should be held accountable for more than four and half kilograms of methamphetamine.[1]

In exchange for Miles' guilty plea, the government agreed to withdraw this initial enhancement information and file a new enhancement information with a

---

[1] Miles' plea agreement also contained an appeal waiver, but the government does not seek to enforce the waiver because Miles appeals only the denial of his motion to withdraw his guilty plea.

2

mandatory minimum sentence of twenty years.  The government agreed that if

Miles cooperated truthfully and completely, including by "providing truthful

testimony" at any proceeding that resulted from his cooperation, the government

would "make the extent of [Miles'] cooperation known to the sentencing court."

The government also agreed to consider whether any cooperation warranted a

motion for a downward departure.  The plea agreement stipulated that the

determination of whether Miles had provided substantial assistance rested "solely

with the government."

In March 2017 the court held a change of plea hearing.  At the hearing, the

court confirmed that no medication, mental health issue, alcohol, or drugs were

impacting Miles' ability to understand the proceedings; that nobody had attempted

to force him into pleading guilty and he was doing so of his own free will; and that

he had reviewed the indictment against him.  The court informed Miles of the

rights he would be waiving by pleading guilty and confirmed that he understood

and wished to waive them.  The government outlined the elements of the offense

and the facts in the plea agreement, and Miles confirmed that he understood the

elements and that the facts were accurate.  Miles confirmed that he had the

opportunity to read the plea agreement and discuss it with his attorney, understood

its terms, and had no questions about it.  He confirmed that he understood that if he

received a more severe sentence than expected he would not be able to withdraw

3

his guilty plea.  The court then accepted the plea after finding that Miles understood the charges against him and the consequences of pleading guilty.

In August 2017 Miles moved to withdraw his guilty plea.  Following his guilty plea, Miles had agreed to testify against a co-defendant.  Miles contended that after the co-defendant learned that Miles would be testifying against him, the co-defendant pleaded guilty.  Miles also contended that he provided the government information about a third party who had contacted Miles in an attempt to make a large drug purchase.  He argued that the government's failure to recommend a downward departure based on this cooperation violated the plea agreement.  He also claimed that he was not responsible for over four and a half kilograms of methamphetamine because some of the drugs were sham methamphetamine.

The district court denied Miles' motion.  It found that Miles had understood that the determination of whether he had provided substantial assistance would be made solely in the government's discretion and that Miles had admitted in his change of plea hearing that he was responsible for more than four and a half kilograms of methamphetamine.  Miles then filed a reply and amendment to his motion to withdraw his plea, asking for an evidentiary hearing.  Shortly after filing his amended motion, Miles appeared at a previously scheduled sentencing hearing. At that hearing the court ruled that an evidentiary hearing was not necessary and

4

denied Miles' amended motion, but gave him additional time to file objections to the Presentence Investigation Report.  The government then moved to withdraw its initial sentencing enhancement information requiring a mandatory life sentence and to replace it with an enhancement information requiring a twenty-year mandatory minimum.  But the government did not move for a downward departure.  At a later sentencing hearing the court adopted the PSR over Miles' objections and determined that his offense level was 43, his criminal history category was III, and his advisory sentence was life imprisonment.  The court varied downward and imposed a sentence of thirty years.  This is Miles' appeal.

## II.

Miles first contends that the district court erred in denying his motion to withdraw his guilty plea.  We review the denial of a motion to withdraw a guilty plea only for abuse of discretion.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  A defendant may withdraw his guilty plea after the court accepts the plea, but before it imposes a sentence if he can show that the request is for a fair and just reason.   Fed. R. Crim. P. 11(d)(2)(B).

In determining whether the defendant has shown a fair and just reason to withdraw, the district court may consider the totality of the circumstances surrounding the plea, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial

resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988) (citation omitted).

Miles does not directly address any of these considerations and the district court did not abuse its discretion in holding that consideration of these factors counsels against granting Miles' motion. It is clear that his plea was knowing and voluntary because the district court was careful to ensure that Miles' plea was free from coercion, that he understood the nature of the charges against him, and that he understood the terms of his plea agreement and the consequences of his plea. And Miles has not argued that he did not have close assistance of counsel, that the withdrawal of his guilty plea would conserve judicial resources, or that withdrawal of his guilty plea would not prejudice the government.

Miles' primary argument is that the district court abused its discretion in failing to find that the government violated the terms of the plea agreement by not moving for a reduced sentence based on his cooperation. But Miles testified that he understood that the determination of whether he provided substantial assistance meriting such a motion was solely at the government's discretion. His argument that the government violated the terms of the plea agreement by not acknowledging the testimony he was willing to give against his co-defendant is

also unpersuasive because the government was only required to inform the court of such assistance if he actually testified.

Finally, Miles argues in passing that he should be able to withdraw his plea because he was not responsible for over four and half kilograms of methamphetamine because some of the drugs in question were fake. But Miles admitted at his change of plea hearing that he was responsible for more than four and half kilograms. "There is a strong presumption that the statements made during the colloquy are true," Medlock, 12 F.3d at 187, and Miles has not rebutted that presumption. So we cannot say that the district court abused its discretion in declining to grant Miles' motion to withdraw his plea.

### III.

Miles also contends that the district court erred in denying him an evidentiary hearing. A district court's refusal to hold an evidentiary hearing regarding a motion to withdraw a guilty plea is reviewed only for abuse of discretion. United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986). We have held that a district court does not abuse its discretion in denying an evidentiary hearing when it has conducted thorough Rule 11 inquiries during the plea hearing. Id.

The district court made extensive Rule 11 inquiries establishing that the plea was entered voluntarily and knowingly, and Miles did not raise any new factual

issues in his amended motion to withdraw his guilty plea.  On this record, the court did not abuse its discretion in choosing not to hold an evidentiary hearing.

**AFFIRMED.**