[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12166

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JASPER BLACKSHEAR,
a.k.a. BO LOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00038-MTT-CHW-1

———————————

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Jason Blackshear appeals his 130-month sentence for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). In response, the government has filed a motion to dismiss this appeal pursuant to the appeal waiver in Blackshear's plea agreement.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

We grant the government's motion to dismiss the appeal pursuant to the appeal waiver in Blackshear's plea agreement. Blackshear's appeal waiver is enforceable, as the record shows that he knowingly and voluntarily waived his right to appeal. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (explaining that sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (stating that an appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing"); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (explaining that a waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error). Indeed, the district court specifically questioned Blackshear about the appeal waiver during the plea colloquy, and Blackshear confirmed at the plea colloquy that he read

and understood the terms of the plea agreement and had no questions about the plea agreement. *See Bushert*, 997 F.2d at 1351 (explaining that, to enforce a sentence appeal waiver, the "government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver"); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). Further, Blackshear does not argue that any of the exceptions specified in his appeal waiver apply.

Accordingly, we **GRANT** the government's motion to dismiss.

.