[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12887

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES LEON DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00376-TWT-RGV-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

James Daniel appeals his convictions for conspiracy to commit Hobbs Act robbery and aiding and abetting the use of a firearm during a crime of violence. He argues that the district court plainly erred in accepting his guilty pleas because the court did not establish that he understood the charges against him or that the pleas were supported by independent factual bases. Because the district court complied with Rule 11, we affirm Daniel's convictions. But we remand in part for the limited purpose of correcting a typographical error in the judgment.

## I.

James Daniel and four codefendants were charged with three counts of Hobbs Act crimes and two counts of brandishing a firearm during a crime of violence. The superseding indictment alleged facts about one successful bank robbery in April 2019 and one attempted bank robbery in August 2019. The superseding indictment explains that Daniel told an employee of Brink's (a cash-handling company) that he wanted to rob one of their armored trucks or couriers. Daniel solicited Brink's route information from the employee, which he then provided to his other coconspirators.

During the April robbery, Daniel and his codefendants robbed a Brink's truck while one codefendant pointed a rifle at the employee and disarmed him. In August, Daniel and his

codefendants traveled to a different bank. When the Brink's truck arrived at the ATM, three of the codefendants approached the employee, with one brandishing a firearm. After the employee successfully fled, the three codefendants drove to a nearby location where Daniel was waiting. The group then tried to escape, but Daniel was caught following a police chase.

Daniel pleaded guilty to two of the charged crimes—conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Despite signing the written agreement—in which he stated he was pleading because he was factually guilty, that he understood he was giving up his trial rights, and that he understood the statutory maximums—he seemed to feign ignorance at both his change-of-plea and sentencing hearings. In an attempt to minimize his involvement, Daniel repeatedly stated that he wasn't sure how he could be guilty of the crimes if he was not present at the scene and never personally possessed a firearm. After the government and the court explained the legal concepts of conspiracy and possession, he admitted guilt and conceded that he provided the route information to his codefendants. At no time did Daniel object to the plea agreement or the presentence investigation report. The district court sentenced him to 171-months' imprisonment.

This appeal followed.

## II.

On appeal, Daniel argues that the district court plainly erred in accepting his guilty pleas because there was no showing that he understood the nature of the charges, and there were insufficient factual bases supporting the pleas.

Because it is the district judge that "observes the defendant's demeanor, life experience, and intelligence," we review a district court's factual findings—including whether the defendant understood the nature of the charges against him and that a sufficient factual basis supports the plea—only for clear error. *United States v. Presendieu*, 880 F.3d 1228, 1241 (11th Cir. 2018) (internal quotation marks omitted). Additionally, when the alleged Rule 11 violation was not objected to below, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

For us to reverse under plain-error review, a defendant must show that there is (1) an error, (2) that is plain, and (3) that affects his substantial rights. *Id.* It is "the defendant [who] bears the burden of persuasion with respect to prejudice or the effect on substantial rights." *Id.* at 1352. To establish prejudice when challenging a guilty plea, a defendant must show that "there is a reasonable probability that he would have not pled guilty" if the error had not occurred. *United States v. Coats*, 8 F.4th 1228, 1237–38 (11th Cir. 2021) (internal quotation marks omitted). If the defendant meets that burden, "we may exercise our discretion to notice a forfeited error" if it "seriously affects the fairness, integrity, or public reputation of judicial

proceedings." *Monroe*, 353 F.3d at 1349 (internal quotation marks omitted).

Before accepting a guilty plea, a district court must inform the defendant of his rights, including the nature of the charges against him. *See* Fed. R. Crim. P. 11(b)(1)(G). In determining that a defendant's guilty plea is knowing and voluntary, the district court must conduct a plea colloquy to ensure that the three core concerns of Rule 11 are met: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea. *Presendieu*, 880 F.3d at 1238. And when considering those core concerns, we presume that a defendant's statements made during his plea colloquy are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

When the defendant fails to object to his plea before the district court, the court's failure to strictly comply with Rule 11 does not necessarily implicate a core concern of the Rule, nor does it require reversal if no prejudice is shown. *Monroe*, 353 F.3d at 1356. Even if the district court does not explicitly cover an item in Rule 11, we will not remand so long as the court adequately addressed the core concerns. *See id.* at 1355–56 & n.12.

A district court must also ensure that a plea is supported by a sufficient factual basis. Fed. R. Crim. P. 11(b)(3). There need not be uncontroverted evidence of guilt—a factual basis is sufficient if a court could reasonably find the defendant guilty. *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014). And the factual basis

6                    Opinion of the Court                 23-12887

need not come solely from the defendant's admissions—rather, the court can consider several sources, including a factually precise indictment that shows how the defendant's conduct "was within in the ambit of that defined as criminal." *United States v. Montoya-Camacho*, 644 F.2d 480, 485–86 (5th Cir. Unit A May 1981) (quotation marks omitted).

Because Daniel challenges both his Hobbs Act conviction and his firearm conviction, we will separately consider whether the district court properly accepted those pleas.

*A.*

To convict a defendant of Hobbs Act robbery, the government must prove that there was a robbery and an effect on interstate commerce. 18 U.S.C. § 1951(a). Hobbs Act robbery can be committed by conspiracy. *Id.* Robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property," among other things. § 1951(b)(1).

The district court did not clearly or plainly err in accepting Daniel's guilty plea for conspiring to commit Hobbs Act robbery. *See Presendieu*, 880 F.3d at 1240; *Monroe*, 353 F.3d at 1349. In signing his plea agreement, Daniel stated that he had read the indictment, discussed it with his attorney, and that he understood its terms and the rights he was waiving. At the change-of-plea hearing, the government explained that the conspiracy charge required it to prove that Daniel "and at least one other person agreed to accomplish an

unlawful plan" to rob Brink's trucks. Daniel stated during his plea colloquy that he understood that he was charged with conspiracy to commit Hobbs Act robbery and that he was guilty of that crime. And we strongly presume Daniel's statement of understanding to be true. *See Medlock*, 12 F.3d at 187. Daniel also stated at sentencing that he understood why he was guilty of conspiracy. He therefore cannot show that the district court's finding that he understood the charge against him was clearly erroneous. *See* Fed. R. Crim. P. 11(b)(1)(G); *Presendieu*, 880 F.3d at 1240.

As to the sufficiency of the factual basis, the government stated that Daniel had sent text messages to a coconspirator about the Brink's truck route, that he had told other members that he had an inside man at Brink's, and that Brink's engaged in interstate commerce. Daniel told the district court that he had given the route information and he knew that the coconspirator planned to commit robbery. The indictment's factual allegations stated that Daniel and his "crew" made plans to rob the Brink's trucks and that he actively participated in the conspiracy. *See Montoya-Camacho*, 644 F.2d at 485–86. There was therefore a sufficient factual basis to find that Daniel had conspired to commit a robbery that affected interstate commerce. *See* 18 U.S.C. § 1951(a).

Accordingly, we affirm Daniel's conviction for conspiring to commit Hobbs Act robbery.

*B.*

We will next consider Daniel's challenges to his section 924(c) conviction for aiding and abetting the use of a firearm in the commission of a violent crime.

"To prevail under a theory of aiding and abetting, the government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Margarita Garcia*, 906 F.3d 1255, 1280 (11th Cir. 2018); *see* 18 U.S.C. § 2.

The district court did not plainly err in accepting Daniel's section 924(c) guilty plea. *See Monroe*, 353 F.3d at 1349. In signing his plea agreement, Daniel stated that he had read the indictment, discussed it with his attorney, and that he understood its terms and the rights he was waiving. At the change-of-plea hearing, the government explained to Daniel that, to prove a section 924(c) violation, it had to show that, in relation to the April 2019 robbery, he had aided and abetted the carrying of a firearm during the violent crime, with knowledge that another participant would use or carry a firearm. Daniel explicitly stated during his plea colloquy that he understood that "whether [he] was at the scene of the crime or not," he was being charged with aiding and abetting the charge. *See Medlock*, 12 F.3d at 187.

As to the sufficiency of the factual basis, the government stated that it could prove that Daniel had been involved in the robbery of armed Brink's trucks, which would necessarily involve the

use of firearms. It also stated that the other conspirators had pleaded guilty to the section 924(c) charge, showing the use of a firearm in the robberies. The indictment stated that Daniel was with a coconspirator who pointed a gun at a Brink's employee, and that Daniel disarmed the employee, committing an act which contributed to the offense. *See* 18 U.S.C. § 2; *Montoya-Camacho*, 644 F.2d at 485–86. Daniel cannot show that the district court's findings that he understood the charge against him and that there was a sufficient factual basis for his guilty plea were clearly erroneous. *See* Fed. R. Crim. P. 11(b); *Presendieu*, 880 F.3d at 1240.

Accordingly, we affirm Daniel's conviction for aiding and abetting the use of a firearm during the commission of a violent crime.

### III.

Although we affirm Daniel's convictions, there is a clerical error in his judgment. We may *sua sponte* raise typographical errors and remand with instructions to correct them. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). And it is a fundamental error for a district court to enter judgment against a defendant who has not been found guilty of the crime recited in the judgment. *Id.* The judgment states that Daniel was convicted on Count 1 under 18 U.S.C. § 951, but that statute regulates the behavior of agents of foreign governments. *See* 18 U.S.C. § 951. The Hobbs Act, which Daniel was actually convicted under, is 18 U.S.C. § 1951. Therefore, we remand to the district court with instructions to amend the judgment to correct the clerical error.

## IV.

**AFFIRMED IN PART AND REMANDED IN PART.**