[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14216

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PEDRO VALENCIA,
a.k.a. Casper,
a.k.a. Bossman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:22-cr-00020-LAG-TQL-4

_____

Before Rosenbaum, Grant, and Abudu, Circuit Judges.

PER CURIAM:

Pedro Valencia appeals his 400-month sentence for one count of conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(i), 841(b)(1)(C), 841 (b)(1)(D), and 846. On appeal, Valencia argues that the district court erred: (i) by applying a two-level enhancement for bribing a correctional officer, U.S.S.G. § 2D1.1(b)(11); and (ii) in declining to vary downward at sentencing, leading to an unreasonable sentence under 18 U.S.C. § 3553. The government moves to dismiss Valencia's appeal, arguing that, as part of his plea agreement, he knowingly and voluntarily waived his right to appeal.

We review the validity and scope of an appeal-waiver provision *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was

giving up his right to appeal under most circumstances'" (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Before the district court, Valencia entered into a plea agreement which included—under a bolded section header titled "Waiver of Appeal Rights and Right of Collateral Attack"—a waiver of his right to appeal, with narrow exceptions. At Valencia's change-of-plea hearing, the district court explicitly referenced the appeal waiver provision of the plea agreement and Valencia confirmed that he understood it. *See Boyd*, 975 F.3d at 1192. The district court also conveyed that Valencia was giving up his right to appeal—even his right to appeal "a mistake" or "clear error" by the district court—except in the circumstances contemplated by the plea agreement and then the court discussed each of those exceptions. *See Grinard-Henry*, 399 F.3d at 1296. The district court additionally ensured that Valencia had discussed the sentence appeal waiver with his attorney and did not have any questions about it. After ensuring that Valencia understood these points, the district court accepted Valencia's plea and adjudged him guilty.

Given these circumstances, we conclude that Valencia's sentence appeal waiver was entered into knowingly and voluntarily.

4                          Opinion of the Court                    23-14216

*Bushert*, 997 F.2d at 1351.  The district court discussed the provision with Valencia, ensured that he understood it, and went over the provision's exceptions.  *Boyd*, 975 F.3d at 1192.  In addition, the district court asked Valencia whether he understood his appeal waiver, and Valencia stated he understood and did not have questions.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during [a plea] colloquy are true.").  Finally, Valencia does not argue that his appeal falls into one of the waiver's exceptions and, by their terms, none of those exceptions apply to permit the challenges Valencia has raised on appeal.

In sum, Valencia knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver.  Accordingly, we **GRANT** the government's motion to dismiss.  *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**