[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11056

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD MAHEE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00494-SDG-JSA-1

————————————————

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Richard Mahee appeals his 51-month sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On appeal, Mahee argues that the district court: (1) erred by imposing a substantively unreasonable sentence because it failed to give proper weight to mitigating factors, including his lack of "significant criminal history," his acceptance of responsibility, and his post-arrest behavior; (2) clearly erred by failing to consider that the government dismissed charges against four codefendants "due to apparent government expediency"; (3) erred by accepting the government's restitution calculation; and (4) erred by not ordering the government to pursue joint and several liability against other culpable parties. In response, the government moves to dismiss Mahee's appeal based on the sentence appeal waiver contained in his plea agreement. After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

Plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). A sentence appeal waiver found in a plea agreement will be enforced if it was made

knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). "There is a strong presumption that the statements made during [a plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The district court need not discuss an appeal waiver's exceptions, so long as the district court has "clearly conveyed to the defendant that he [i]s giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1191–92 (11th Cir. 2020) (quotations omitted, alterations adopted); *cf. Bushert*, 997 F.2d at 1352–53 (holding that the district court's plea colloquy was deficient for failing to adequately discuss the sentence appeal waiver with the defendant). In *Boyd*, the district court advised the defendant that if it sentenced him within the advisory Guidelines range, he would "not be able to appeal that sentence or ever attack it in any way through a direct appeal or some collateral attack." 975 F.3d at 1192 (quotations omitted). Although the district court did not discuss all the exceptions to the waiver, the language of its explanation, combined with the defendant's having initialed each page of the plea agreement and confirmation that he read and understood the agreement, meant that it was manifestly clear from

the record that the defendant understood what he was agreeing to. *Id*.

Here, Mahee's appeal waiver is enforceable. For starters, the record shows that Mahee knowingly and voluntarily waived his right to appeal his sentence. The appeal waiver found in paragraph 30 of the plea agreement read this way:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

During the plea colloquy, the district court informed Mahee of the breadth of the appeal waiver by reviewing this section of the plea agreement with Mahee. In particular, after confirming that Mahee had a copy of the agreement in front of him, the district

court highlighted the paragraph that contained the agreement's appeal waiver -- the "section called Limited Waiver of Appeal." The court then explained to Mahee that, by entering into the plea agreement, he was waiving his right to appeal "except for the very limited circumstances that are explained in that paragraph," and that the waiver applied "even if [Mahee] believe[s] that [his conviction or sentence] was wrongly decided or [he is] unhappy with it." *Boyd*, 975 F.3d at 1191–92; *see also Bushert*, 997 F.2d at 1351. The court asked Mahee whether he understood, and he responded, "I do understand." *Bushert*, 997 F.2d at 1351. Mahee's affirmation enjoys a strong presumption of truth. *Medlock*, 12 F.3d at 187. Additionally, in response to the court's questioning, Mahee's counsel said that he had spoken to Mahee about the appeal waiver "in detail," and he believed that Mahee understood that the waiver was in his best interest. *See Bushert*, 997 F.2d at 1351.

Apart from the plea colloquy, the record also makes manifestly clear that Mahee otherwise understood the full significance of his appeal waiver. *Id*. Mahee signed an acknowledgment, included in the plea agreement, that he had read the agreement, reviewed it with his attorney, understood it, and voluntarily agreed to it. Mahee's attorney signed a similar acknowledgment, included in the agreement, that he had reviewed the agreement with Mahee, and he believed that Mahee was entering the agreement knowingly and voluntarily. This aligns with Mahee's plea colloquy affirmation that he had discussed his plea with his attorney and was satisfied with counsel's representation. Thus, it is manifestly clear from

the record that the sentence-appeal waiver was made knowingly and voluntarily. *Bushert*, 997 F.2d at 1351.

Moreover, Mahee's appeal -- which argues that the district court erred by imposing a substantively unreasonable sentence, by accepting the government's flawed restitution calculation, and by not ordering the government to pursue joint and several liability against other culpable parties -- does not come within the scope of the appeal waiver exceptions. As the record reflects, Mahee does not argue that (1) the district court exceeded the advisory Guidelines range calculated at sentencing, or (2) he received ineffective assistance of counsel. Nor has the government appealed Mahee's sentence, which would enable Mahee to file a cross-appeal.

In short, there is no basis to conclude that Mahee's appeal waiver is invalid, nor does any exception to the appeal waiver apply. Accordingly, we grant the government's motion to dismiss.

**DISMISSED.**