[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12905

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS FERRER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00116-WWB-EJK-2

_____

Before WILSON, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Carlos Ferrer appeals his four months' sentence, to be followed by three years of supervised release, imposed following his conviction for conspiracy to commit bank fraud, 18 U.S.C. § 1349. On appeal, he argues that the district court erred in its application of the Sentencing Guidelines, U.S.S.G. § 2B1.1. The government moves to dismiss the appeal, arguing that Ferrer knowingly and voluntarily waived his right to appeal as part of his plea agreement.

We review the validity and scope of an appeal waiver *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*,

451 F.3d 1292, 1294 (11th Cir. 2006).  "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Ferrer's plea agreement with the government stated, under a section numbered B.7 and titled: "<u>Defendant's Waiver of Right to Appeal the Sentence</u>," that:

> The defendant agrees that this [c]ourt has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence on any ground, including the ground that the [c]ourt erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant applicable guidelines <u>as determined by the [c]ourt</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed . . . then the defendant is released from his waiver and may appeal the sentence . . . .

Ferrer signed and dated the plea agreement at the bottom, and he also initialed each page of the agreement—including the page containing the appeal waiver provision.

At his change of plea hearing, Ferrer agreed, under oath, that his initials and signature were on the plea agreement.  He also confirmed that he had read the agreement and reviewed it with his attorney, did not need any more time to review it, and did not have any questions.  After informing Ferrer of the various rights he was giving up by pleading guilty, the district court specifically asked Ferrer whether he understood that he was agreeing to waive his right to appeal his sentence "in accordance with the limitations outlined in paragraph B.7 of [the] plea agreement" and Ferrer agreed that he did.  At the end of the colloquy, Ferrer stated that had no objections or questions and reiterated that he wished to plead guilty.  "There is a strong presumption that the statements" Ferrer "made during [this] colloquy [we]re true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Given the district court's discussion of the appeal waiver provision and its reference to the specific paragraph that contained the waiver's exceptions, we are satisfied that "the district court specifically questioned [Ferrer] concerning the sentence appeal waiver," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to [Ferrer] that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53).

Ferrer's appeal does not fall into any of the waiver's exceptions either.  In fact, the text of the waiver provides that the waiver "includ[es]" any argument "that the [c]ourt erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines . . . "—the exact challenge Ferrer now brings on appeal.  Furthermore, at sentencing, the district court sentenced

24-12905                Opinion of the Court                5

Ferrer to four months' imprisonment, to be followed by three years of supervised release, which was below the applicable guidelines range the district court calculated. Ferrer does not argue that his sentence violates the Eighth Amendment or exceeds the relevant statutory maximum, *see* 18 U.S.C. §§ 1344, 1349, and the government has not appealed. Thus, none of the exceptions apply to permit this appeal to proceed.

For these reasons, we conclude that Ferrer knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver. Accordingly, we **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**